440 So.2d 766 (1983)
STATE of Louisiana and City of Shreveport, Plaintiffs-Appellees,
v.
Ronald BOULT, Defendant-Appellant.
No. 15373-KW.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
On Rehearing November 29, 1983.
George Ross, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Barbara B. Rutledge, Asst. Atty. Gen., James Stewart, Catherine B. Estopinal, *767 Asst. Dist. Attys., Shreveport, for plaintiffs-appellees.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Ronald Boult was charged in the Shreveport City Court, in separate affidavits, with commission of the following misdemeanors: illegal carrying of a weapon (R.S. 14:95); entering and remaining in a public place after being forbidden (R.S. 14:63.3); interference with medical treatment (R.S. 14:332); and resisting an officer (Shreveport City Ordinance 21-4). Upon motion by the prosecution, the four charges were consolidated for trial purposes and tried before a judge alone.
The defendant was found guilty on each charge. His sentence for conviction of illegal carrying of a weapon was a fine of $500 or 50 days in jail. On each of the other three convictions defendant was sentenced to pay a fine of $50 or serve five days in jail.
Defendant appealed his convictions and sentences, urging insufficiency of evidence to support the convictions. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We pretermit discussion of this assigned error because of an error patent on the face of the record. La.C.Cr.P. Art. 920(2).
A defendant is entitled to a jury trial in a criminal case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months. 1974 La. Constitution, Art. 1, Section 17.
When two or more charges are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. If the total potential punishment exceeds six months imprisonment, the accused is entitled to a jury trial. State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976).
When these charges were consolidated for trial, the total maximum potential imprisonment for the defendant was in excess of one year. Consequently, the defendant had a constitutional right to be tried by jury.
The right to a jury trial may be waived in a noncapital case, but that waiver must be "knowingly and intelligently" made. 1974 La. Constitution, Art. 1, Section 17. We are mandated to "indulge every reasonable presumption against waiver of this fundamental right." State v. Williams, supra; State v. McCarroll, supra.
There is nothing in this record showing that the defendant, upon consolidation for trial purposes of the charges against him, waived his right to a jury trial. As pointed out in State v. Muller, 351 So.2d 143 (La. 1977):
"[t]here can be no doubt that when an accused purports to waive a fundamental constitutional right, no waiver can be effective unless it is done knowingly and intelligently by an accused who understands the consequences of his action."
The failure of this record to affirmatively show that the defendant knowingly and intelligently waived his constitutional right to a jury trial is error patent on its face.
For this reason, defendant's convictions and sentences are reversed and the case is remanded to the Shreveport City Court for further proceedings consistent with this opinion.
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.

ON REHEARING
FRED W. JONES, Jr., Judge.
A rehearing was granted in this case to afford the state an opportunity to demonstrate that, contrary to our original holding, the defendant validly waived his constitutional right to a jury trial.
The trial transcript filed in connection with the appeal contained this pertinent statement:

*768 "MR. STEWART [Prosecutor]: Your Honor, the State plans on consolidating all these charges ... (inaudible) waive his rights to a jury trial ... (inaudible)."
After the rehearing was granted, a corrected transcript was filed with this clarification of the above quoted statement:
"MR. STEWART [Prosecutor]: Your Honor, the State plans on consolidating all these charges and asks that the Defendant waive his rights to a Jury Trial.
"MR. ROSS: [Defense Attorney] Yes, we would waive our right to a jury trial and also request that the witnesses be sequestered."
The right to a jury trial in designated cases, guaranteed by our state and federal constitutions, holds a place of major importance in the panoply of rights afforded a person accused of a crime. State v. Muller, 351 So.2d 143 (La.1977).
There can be no doubt that when an accused purports to waive a fundamental constitutional right, that waiver cannot be effective unless it is done knowingly and intelligently by an accused who understands the consequences of his action. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). This is particularly true of the waiver of a right to jury trial. Art. 1, Sec. 17, La. Constitution of 1974; La.C.Cr.P. Art. 780.
Our state supreme court has refused to adopt an ironclad rule requiring the trial judge to personally inform the accused of his right to a jury trial. State v. Phillips, 365 So.2d 1304 (La.1978). However, the court there added:
"We find no error in the determination of the trial judge here that the present defendant gave his informed consent to the waiver made in his presence by his attorney, especially in light of the facts that the judge had informed defendant not once, but twice, of his right to choose between a judge trial and a jury trial, and that the defendant was shown to have had prior experience as an accused in the trial of a criminal prosecution."
Furthermore, Justice Tate commented:
"However, although we have not thus far required the defendant personally to waive his right to a jury trial, the necessity for a post-verdict evidentiary hearing here occasioned may well indicate such to be a preferable practice." P. 1309, Footnote 6.
Directly addressing this issue in the recent case of State v. Wilson, 437 So.2d 272 (La.1983), our supreme court expressly held:
"As in the case of other significant rights, however, waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. In order to protect this valuable right, as well as to prevent postconviction attacks on the waiver, the better practice is for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record. 3 Standards for Criminal Justice, § 15-1.2(b) (2d ed. 1980); see also State v. Kahey, 436 So.2d 475 (La.1983). By this procedure, the trial judge not only insures that an express waiver is recorded, but also assures that the waiver is made voluntarily and knowingly.
"In the present case, defendant personally waived trial by jury by a statement in open court on the record. Although the questioning conducted by defense counsel was intended primarily to establish that the defendant was acting contrary to counsel's advice, the colloquy made it clear that defendant was aware of his right to trial by jury and that his decision to be tried by the judge was the product of his voluntary and intelligent choice. Perhaps the more favored procedure would have been for the trial judge to conduct an independent inquiry on the record. Nevertheless, the record contains defendant's acknowledgment that he understood the difference between a jury trial and a bench trial and that counsel *769 had explained the difference in terms that he understood...."
There is not an iota of evidence in this corrected trial transcript to show that the defendant had been made aware, either by the trial judge or by defense counsel, of his constitutional right to a jury trial in this consolidated trial of several misdemeanor charges. Consequently, we have absolutely no basis upon which to conclude that the defendant knowingly and intelligently waived that valued right.
For these reasons, we reinstate our original opinion, reversing defendant's convictions and sentences and remanding the case to the Shreveport City Court for further proceedings consistent herewith.
HALL, J., concurs in part and dissents in part and assigns written reasons.
SEXTON, J., concurs in part and dissents in part for the reasons assigned by HALL, J.
HALL, Judge, concurring in part and dissenting in part.
In this misdemeanor case triable by jury, the express waiver of a jury trial by the defendant's lawyer in the presence of the defendant who was himself a police officer satisfies the requirement that the record disclose a knowing and intelligent waiver of jury trial by the defendant. Further, it is to be noted that the defendant has made no contention that he did not knowingly and intelligently waive jury trial, the issue having been raised by this court on its own motion. The Louisiana Supreme Court has refused (wisely and purposely it seems to me), to adopt an absolute rule that no jury waiver can be effective unless the record reflects that the accused was personally informed by the judge of his right to a jury trial and the accused personally waived that right. See State v. Phillips, 365 So.2d 1304 (La.1978); State v. Muller, 351 So.2d 143 (La.1977). See also State v. Long, 408 So.2d 1221 (La.1982).
Accordingly, I respectfully dissent from the majority opinion's reversal of all convictions. I would affirm the conviction for interference with medical treatment. I would, however, reverse the convictions for resisting a police officer, entering and remaining in a public place after being forbidden, and illegal carrying of weapons, because of insufficient evidence of the elements of these charges under the Jackson v. Virginia standard.