486 So.2d 984 (1986)
STATE of Louisiana, Appellee,
v.
Larry GILLESPIE, Appellant.
Nos. 17588-KA, 17589-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*985 Dennis G. Stewart, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Rayville, Stephen G. Dean, Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Larry Gillespie, was charged by bill of information with DWI, first offense, in violation of LSA-14:98 and by affidavit with drag racing, in violation of LSA-32:65. These charges were consolidated and the defendant was found guilty as charged of both offenses in a bench trial. At the conclusion of the trial, the defendant was sentenced to pay fines of $100 plus costs for the drag racing offense and $500 plus costs for the DWI offense. His sentence under the DWI conviction also included a 30 day term in the parish jail. The jail term was suspended and the defendant was placed on unsupervised probation for a period of one year with three special conditions of probation.
The defendant has appealed his convictions alleging that the evidence was insufficient to find that he was guilty beyond a reasonable doubt of both of these offenses. We must also consider whether the defendant was entitled to a jury trial, and, if so, whether he waived that right. These issues were noted by this Court, ex proprio motu, as possible errors patent on the face of the record, LSA-C.Cr.P. Art. 920(2), and they will first be considered.
As this court stated in its original opinion in State v. Boult, 440 So.2d 766 at p. 767 (La.App.2d Cir.1983):
A defendant is entitled to a jury trial in a criminal case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months. 1974 La. Constitution, Art. 1, Section 17.
When two or more charges are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. If the total potential punishment exceeds six months imprisonment, the accused is entitled to a jury trial. State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976).
In the instant case, the defendant faced a possible maximum prison term of six months and 30 days when these two charges were joined for trial. Consequently, the defendant had a constitutional right to be tried by jury. Both LSA-C.Cr.P. Art. 780 and LSA-Const. Art. 1 § 17 reveal that *986 a defendant may waive his right to a jury trial; however, this must be a knowing and intelligent waiver. Moreover, as noted in the original opinion of State v. Boult, supra, at p. 767, "We are mandated to `indulge every reasonable presumption against waiver of this fundamental right.' State v. Williams, supra; State v. McCarroll, supra."
In the instant case, the original record before this court on appeal did not affirmatively indicate that the defendant had waived his right to a jury trial. Under these circumstances, there is an error patent on the face of the record. State v. Thompson, 446 So.2d 557 (La.App. 3d Cir. 1984); State v. Boult, supra. On December 5, 1985, this court took notice of this error patent and instructed the State of Louisiana and the defendant to address the issue of jury trial waiver, either by supplementing the record with additional minutes and transcripts, or by the submission of supplemental briefs.
Supplemental transcripts were filed and the defendant submitted a supplemental brief in which he reasserts his contention that the evidence is insufficient to support his convictions. He further argues that in the event this court finds the evidence to be adequate, his convictions must still be reversed due to the lack of a knowing and intelligent waiver of his right to a jury trial. We find, however, that there was a valid waiver of the defendant's right to trial by jury.
The supplemental transcript filed in the instant case revealed the following exchange:
MR. DEAN [prosecutor]: Your Honor, this willwe call the trial of the charge on the D.W.I. first offense. There's another charge, a charge of drag racing, which is number T-19,652. I will call only the D.W.I. unless the Defense would agree to consolidation without the necessity for a jury trial on the
MR. STEWART [defense attorney]: We don't have any problem with that, Your Honor. We'll agree to that consolidation.
MR. DEAN: The facts are the same. This all arose out of the same incident, so it would certainly simplify things if there's no objection by the Defense so we'll proceed on both of the counts at one time.
We note that there is no indication that the defendant, assisted by retained counsel, did not "knowingly and intelligently" waive his right to jury trial. On the contrary, the defendant, through his counsel, specifically agreed to the consolidation of the two charges for trial in a single proceeding. Although not noted in the minutes of this case, the supplemental transcript shows that defendant's counsel, furthermore, explicitly waived the right to a jury trial. See State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985). The defendant did not initially complain of the lack of a valid waiver in his appeal to this Court, and we note that even after this issue was raised by this court on its own motion, defendant makes no argument that he, in fact, did not understand his rights and the consequences of the waiver. Any claim by the defendant that the waiver by the defendant's attorney was done without awareness on the part of the defendant of his right to a jury trial and without an understanding of the consequences of the waiver should be presented in an application for post conviction relief.
As noted in State v. Phillips, 365 So.2d 1304 (La.1978), U.S. cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979), the Supreme Court has refused to adopt an absolute rule that no jury waiver can be effective unless the record reflects that the accused was personally informed by the judge of his right to a jury trial. See State v. Muller, 351 So.2d 143 (La. 1977). Therefore, although the defendant did not personally state that he was waiving this right in a colloquy with the trial judge, this waiver through defendant's counsel, was valid and sufficient.
In State v. Boult, supra, this court found error patent and reversed a conviction even though, as here, the defendant's *987 attorney specifically waived trial by jury in open court. That case was decided by a five judge panel with two judges dissenting. With the opinion handed down today in this case, all seven of the judges of this court will have considered the issue, with four of the judges holding no error patent under these circumstances. Accordingly, State v. Boult should be considered as overruled insofar as it holds that error patent exists even though the record reflects a specific waiver of jury trial by the defendant's attorney in open court and in the presence of the defendant.
With respect to the other errors assigned by the defendant, we find that they are without merit. Defendant contends that the evidence was insufficient to support his convictions of DWI and drag racing. However, viewing the evidence in the light most favorable to the prosecution as mandated by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational trier of fact could have found the defendant guilty of both of these offenses beyond a reasonable doubt.
Around 11:00 p.m. on April 9, 1985, Officer Mitch Reynolds, a Winnsboro Police Officer, was on patrol within the Winnsboro city limits when he observed two vehicles speeding down Front Street, side by side, with soot and dust pouring from their tailpipes. Officer Reynolds followed them in his patrol unit and determined that these cars were driving at speeds in excess of 75 miles per hour. The officer followed the vehicles for approximately one-quarter of a mile before turning on his red lights. He was able to stop the defendant, but not the other vehicle.
Officer Reynolds testified at trial that he got out of his patrol unit and waited for the defendant to exit his vehicle. The officer stated that he noticed that as the defendant got out of his car, he stumbled against the door. Officer Reynolds testified that he smelled alcohol when he approached the defendant and came within six to eight inches of him. Based upon these observations, the officer testified that he then asked the defendant to participate in a field sobriety test. This test consisted of the defendant lifting one foot six inches in front of him for about fifteen seconds. The officer testified that the defendant had trouble maintaining his balance and could not successfully perform the test for any length of time. Officer Reynolds stated that in his opinion Mr. Gillespie absolutely failed the field sobriety test. The officer did not administer any further tests as he thought that doing so might endanger the defendant. Officer Reynolds testified that he felt that the results of the field sobriety test, the defendant's personal appearance, and the manner in which he had operated his vehicle were sufficient facts to indicate that the defendant was driving while intoxicated and that he should be taken to the Sheriff's office for a blood test. The officer testified that he then arrested the defendant for DWI and drag racing and transported him to the Franklin Parish Sheriff's Office. At the Sheriff's office, the defendant submitted to a blood test, however, the test results were not introduced at trial.
LSA-R.S. 32:65 governs the offense of drag racing and provides in pertinent part the following definition:
B. For the purposes of this section drag race is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out distance each other, or the operation of one or more vehicles over a common selected course, from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of such vehicle or vehicles within a certain distance or time limit on the public roads of this state.
The defendant argues that the State failed to prove that he violated this statute. He contends that there was no evidence of any relationship or connection between the two cars or their drivers at the time that the alleged offense occurred.
We disagree with the defendant's contention. The arresting officer testified that he observed the two vehicles accelerating rapidly side by side. He stated that the cars *988 "were actually trying to get from one place to another before the other got there." He testified that the vehicles were in separate lanes and that he followed them at an excessive rate of speed for approximately one-quarter of a mile before he attempted to pull them over.
The trial court noted that the officer's testimony concerning the circumstances surrounding the alleged drag racing closely tracked the statutory definition of the offense. We agree and find the evidence sufficient to convince a rational trier of fact beyond a reasonable doubt that the defendant was guilty of the offense of drag racing.
With respect to the DWI offense, the arresting officer's testimony that the defendant was unsteady on his feet when exiting his car, that he smelled of alcohol, and that he failed a field sobriety test, was further supported by the testimony of another officer who observed the defendant at the Sheriff's office. Deputy Tim Pylant testified that the defendant appeared to be unsteady on his feet, that he had a slight odor of alcohol about him, that his speech was slightly slurred and sluggish, and that his eyes had a glassy appearance. This testimony, along with that of the arresting officer, provided sufficient evidence by which a rational trier of fact could have found this defendant guilty beyond a reasonable doubt of DWI. Therefore, this assignment of error is also without merit.
For the foregoing reasons, we find that there was a valid waiver of the defendant's right to a jury trial and that the evidence was sufficient to support his convictions. Accordingly, the defendant's convictions are affirmed.
AFFIRMED.