505 So.2d 758 (1987)
STATE of Louisiana, Appellee,
v.
William DICKSON, Lonnie Hamm, Paul D. Miller, Sr., Appellants.
No. 18403-KA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
*759 Ronald R. Inderbitzin, Bossier City, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., Roland V. McKneely, Jr., Asst. Dist. Atty., Bossier City, for appellee.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Dickson, Hamm and Miller were jointly charged with hunting deer at night (La.R.S. 56:123[C]). After a bench trial they were found guilty as charged. Each defendant was sentenced to pay a fine of $1500 or, in default, to serve a jail sentence.
Upon the granting of an out-of-time appeal the defendants reserved five assignments of error, one of which was abandoned.
The scope of appellate review extends to "an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.C.Cr.P. Art. 920 (2). We note two errors patent in this record.
First, the court minutes do not show that either of the defendants was represented by legal counsel or was informed of his right to counsel.
La.C.Cr.P. Art. 513 provides:
In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. When a defendant states under oath that he desires counsel but is indigent, and the court finds the statement of indigency to be true, the court shall provide for counsel in accordance with the provisions of R.S. 15:145 to the defendant before he pleads to the indictment.
La.C.Cr.P. Art. 514 states:
The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel including the right to court-appointed counsel and that he waived such right.
The right of assistance of counsel is fundamental in our legal system and essential to assure a fair trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 2009, 32 L.Ed.2d 530 (1972); State v. LaFleur, 391 So.2d 445 (La.1980). At each stage of the proceedings, every person is entitled to *760 assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. (La. Const.1974, Art. 1, § 13). Absent a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at trial. Argersinger v. Hamlin, supra 92 S.Ct. at 2012; State v. LaFleur, supra; State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir.1984).
Before the trial court can accept the defendants' waiver of counsel, the record must indicate that the court attempted to determine defendants' literacy, competency, understanding and volition. State v. LaFleur, supra. Further, each defendant should be made aware of the dangers and disadvantages of self-representation, so the record will establish that "he knows what he is doing and his choice is made with eyes open." Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Washington, 421 So.2d 887 (La.1982); State v. Bell, 381 So.2d 393 (La.1980). The determination of whether a defendant knowingly and voluntarily waived his right to counsel is dependent upon the facts and circumstances surrounding the case, including the accused's background, experience and conduct. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
At arraignment, defendant Hamm made an equivocal inquiry about his need for an appointed lawyer. The trial court stated that since the offense did not carry a mandatory jail sentence it was "... not inclined to appoint you an attorney on that. If you want one, you can employ one." Furthermore, when the defendants proceeded to trial, no inquiry was made as to whether defendants needed counsel or waived their rights with respect to same. The trial court erred in this regard. The right to counsel on a misdemeanor charge is not conditioned upon the existence of a mandatory jail term. Rather, "[i]f the offense charged is punishable by imprisonment, an indigent accused has a right to court appointed counsel." Argersinger v. Hamlin, supra; La. Const.1974, Art. 1, § 13. These defendants were exposed to a maximum fine of $1,500 or imprisonment for not more than 120 days, or both.
Error patent exists because the aforementioned colloquy does not establish that defendants were made aware of the consequences of self-representation. The absence of an inquiry assessing defendants' literacy, competency, understanding and volition precludes a finding of a proper waiver of the right to counsel.
The second error patent results from the failure of the court record to show the defendants were advised of their right to a jury trial. La. Const.1974, Art. I, § 17 provides in pertinent part that "... a case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, ..." On the face of the State constitutional provision, defendants herein were not entitled to a jury trial because they were not exposed to a term of confinement in excess of six months. However, La.C.Cr.P. Art. 779(A) provides that a defendant is entitled to a six person jury trial whenever the punishment he faces is a fine in excess of $500 or imprisonment for more than six months.
These defendants were entitled to a jury trial since the possible fine for each exceeded the $500 limitation contained in Article 779(A).
This case differs from those where the right to a jury trial is triggered by consolidation of misdemeanor offenses which expose the defendant to potential punishment (incarceration) in excess of six months, e.g., State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La. 1976); c.f. State v. Gillespie, 486 So.2d 984 (La.App. 2d Cir.1986). In the instant case, these defendants were exposed to fines in excess of $500 under either LSA-R.S. 56:123(E)(2)(a)(i) or 56:123(E)(3)(a)(i). These two provisions stipulate different penalties for the offense of hunting deer at night. Since the later amendment was to R.S. 56:123(E)(2)(a)(i), we assume this is the *761 proper penalty provision to apply in this case. Consequently, these defendants had a statutory right to be tried by jury.
La.C.Cr.P. Art. 780 and La. Const.1974 Art. I, § 17 provide that a defendant may waive his right to a jury trial. The waiver must be "knowingly and intelligently" made. La. Const.1974, Art. I, § 17 Appellate courts are "... mandated to indulge every reasonable presumption against waiver of this fundamental right." State v. Williams, supra; State v. McCarroll, supra; State v. Boult, 440 So.2d 766 (La. App. 2d Cir.1983).
There is nothing in this record to indicate that the defendants waived their right to a jury trial or that they were ever advised of same. The failure of the record to affirmatively show that the defendants knowingly and intelligently waived their constitutional right to a jury trial is error patent on its face. C.Cr.P. Art. 920(2); Boult, supra; State v. Gardner, 458 So.2d 1016 (La.App. 3rd Cir.1984).

DECREE
For the reasons explained, we set aside defendants' convictions and sentences and remand the case to the district court for further proceedings consistent with this opinion.