GRISBAUM, Judge.
On February 19, 1988, the defendant, Bryce Lanoux, was ticketed for failure to stop at a stop sign in violation of La.R.S. 32:123. Thereafter, he was arraigned and pled not guilty. On August 23, 1988, he was tried and found guilty as charged. On the same day, he was sentenced to pay a fine of $10, plus court costs, or serve ten days in the parish jail. He then filed an oral notice to apply for writs and requested an attorney be appointed to represent him, which was granted after a hearing determined his indigency. Writs were filed on August 30,1988 and were granted by us on September 9, wherein the record was lodged and converted into an appeal. We set aside the conviction and sentence and remand.
FACTS
The record shows that the matter was routinely set for trial. On the day of trial, the case was called, and immediately thereafter the prosecution called its first and only witness — the police officer — who was on uniformed patrol in the Convent, Louisiana, area on the day in question. The officer testified that he observed the defendant’s vehicle slow up but fail to come to a complete stop at the intersection of Highways 44 and 70. He then stopped the defendant a short distance away and issued a citation. The defendant testified on his own behalf and, “as a matter of fact,” acted as his own counsel and cross-examined the police officer.
From the brief filed on behalf of the defendant, we are asked to review the matter in the light of the “sufficiency of the evidence;” however, we see a meritorious error patent issue concerning whether the defendant knowingly and intelligently waived his constitutional right to be represented at trial.
ISSUE

Law

La.C.Cr.P. art. 513 provides:
In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. When a defendant states under oath that he desires counsel but is indigent, and the court finds the statement of indigency to be true, the court shall provide for counsel in accordance with the provisions of R.S. 15:145 to the defendant before he pleads to the indictment.
Additionally, La.C.Cr.P. art. 514 states, “The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant’s right to counsel, including the right to court-appointed counsel, and that he waived such right.” Our jurisprudence is well-settled that the right to assistance of counsel is fundamental in our legal system and essential to assure a fair trial. See State v. LaFleur, 391 So.2d 445, 447 (La.1980). At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or court-appointed counsel if he is indigent and charged with an offense punishable by imprisonment. La. Const. art. I, § 13. The LaFleur court stated that “[ajbsent a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at trial.” Id. at 447. Further, the LaFleur court found that before the trial court can accept the defendant’s waiver of counsel, the record must indicate that the court attempted to determine the defendant’s “literacy, competency, understanding and volition. . . .” Id. at 448. In State v. Dickson, 505 So.2d 758, 760 (La.App. 2d Cir.1987), the court stated, “[E]ach defendant should be made aware of the dangers and disadvantages of self-representation, so the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ”
The record shows no colloquy between the trial court and the defendant at the arraignment stage nor any attempt by the court on the date of trial to establish any of the basic prerequisites prior to allowing the *1130 defendant to represent himself. Accordingly, the trial court erred.
For the reasons assigned, the conviction and sentence are set aside, and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein.

SET ASIDE AND REMANDED.