978 So.2d 595 (2008)
STATE of Louisiana, Appellee,
v.
Randall Keith MYERS, Appellant.
No. 43,105-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*596 Louisiana Appellate Project by Edward K. Bauman, for Appellant.
Don M. Burkett, District Attorney, Michael E. Daniel, Assistant District Attorney, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
STEWART, J.
The defendant, Randall Keith Myers, was charged with three counts of obscenity and three counts of indecent behavior with a juvenile. The defendant pled guilty to three counts of obscenity. The trial court sentenced him to two years at hard labor and imposed a fine of $1,000.00 on each count, with all three sentences to run concurrently with credit for time served. The defendant now appeals. Finding that the trial court failed to inform the defendant of the right against self-incrimination prior to accepting the guilty plea, we set aside the conviction, vacate the sentence, and remand the case to the district court for further proceedings.

FACTS
On October 6, 2006, the defendant was charged with three counts of obscenity, a violation of La. R.S. 14:106, and three counts of indecent behavior with a juvenile, a violation of La. R.S. 14:81. All six counts arose out of the defendant's conduct on August 12, 2006, wherein the defendant was witnessed removing all of his clothes and masturbating in the presence of three children and two adult females at Stonewall Park in DeSoto Parish.
On June 18, 2007, the defendant entered a plea of guilty to three counts of obscenity. In exchange, the state agreed to the preparation of a pre-sentence investigation, to concurrent sentences, and to nolle pros the additional charges of indecent behavior with a juvenile. In taking the plea, the trial court advised the defendant of his right to a trial by jury and of his right to confront and cross-examine witnesses against him. The trial court did not advise the defendant of his right against self-incrimination.
The defendant's sentencing took place on July 30, 2007. Prior to imposing the defendant's sentences, the trial court indicated that it had reviewed the pre-sentence investigation as well as the psychological reports prepared by two separate doctors in response to the defendant's preconviction request for a sanity commission. After considering all the factors discussed in those reports, the trial court sentenced the defendant to two years' imprisonment at hard labor on each count, with all three sentences to be served concurrently with credit for time served. The defendant was also ordered to pay a $1,000.00 fine on each count. The defendant filed a motion to reconsider sentence which was denied on August 3, 2007.

DISCUSSION
The defendant asserts that the trial court erred in failing to inform him of all *597 of his constitutional rights, namely, his privilege against self-incrimination. For this reason, he contends that his convictions must be reversed.
The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993). A valid guilty plea requires a showing that the defendant was advised of his constitutional rights, including his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers. There must also be an express and knowing waiver of those rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992).
Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980). In fact, appellate courts are mandated to indulge every reasonable presumption against waiver of these fundamental rights. State v. Dickson, 505 So.2d 758 (La.App. 2d Cir.1987).
In this case, the defendant concedes that the trial court informed him of his right to a jury trial and his right to confront and cross-examine the witness against him. However, the defendant alleges that the trial court failed to inform him of his privilege against self-incrimination.
The minute entry for June 18, 2007, reflecting the taking of the defendant's guilty plea states:
The Court informed the Defendant of his CONSTITUTIONAL RIGHTS as per Boykin v. Alabama (See Court Reporter's Transcript).
The transcript indicates a colloquy during which the trial judge extensively questioned the defendant. In doing so, the trial judge determined that the defendant had an eighth grade education, had limited reading and writing skills, and that his financial affairs were handled in part by his sister. The trial judge also learned that the defendant was living with his mother at the time the incident in question occurred. The trial judge confirmed that the defendant's guilty plea had not been induced by any threats or promises. The trial judge also asked the defendant if he was on any drugs or medications which would affect his ability to understand the proceedings, to which the defendant gave an equivocal answer concerning a pain medication he takes at night.
As to a waiver of rights, the trial judge asked the defendant if he was aware that by pleading guilty he was waiving his right to a trial by jury, his right to confront and cross-examine witnesses at a jury trial, and his right to appeal the proceedings for any reason except for excessiveness of the sentence imposed. The defendant answered all these questions in the affirmative.
The colloquy lacks any express mention by the trial judge of the defendant's right against self-incrimination. Alternatively, the minute entry for June 18, 2007, reflecting the taking of the defendant's guilty plea, made a general reference to the defendant having waived his constitutional rights per Boykin, supra. Jurisprudence has established that in the event of a discrepancy between the minutes and the transcript, the transcript controls. State v. Lynch, 441 So.2d 732 (La.1983).
Furthermore, the record contains no other affirmative showing that a proper waiver of the defendant's right against self-incrimination ever took place. The *598 record contains no guilty plea form indicating an understanding or waiver of the right against self-incrimination nor do the minutes of any of the hearings preceding the taking of the plea indicate that the defendant was informed of his right against self-incrimination. This assignment of error, therefore, has merit.
The trial court has failed to comply with the requirements of Boykin v. Alabama, supra. Therefore, the plea of guilty and conviction shall be set aside, the sentence vacated, and the case remanded to the district court for further proceedings. Because we are reversing the defendant's conviction, there is no need to address the defendant's second assignment of error regarding the excessiveness of the sentence imposed.

CONCLUSION
For the foregoing reasons, the defendant's conviction is reversed, his sentence vacated, and the case remanded to the trial court for further proceedings.
REVERSED, VACATED AND REMANDED.