# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1564


**STATE OF LOUISIANA**

**VERSUS**

**BENNY CHRISTOPHER KIMBROUGH**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 65996
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.

**CONVICTION AND SENTENCE
VACATED; REMANDED.**


**Don M. Burkett
District Attorney
Ronald D. Brandon
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
Counsel for Appellee:
        State of Louisiana**

**James E. Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
      **Benny Christopher Kimbrough**

**DECUIR, Judge.**

The Defendant, Benny Christopher Kimbrough, was charged with attempted armed robbery, in violation of La.R.S. 14:27 and 14:64. The State invoked the firearm enhancement provision of La.R.S. 14:64.3 in the bill of information. The Defendant pled guilty and was subsequently sentenced to serve twelve years at hard labor without benefit of probation, parole, or suspension of sentence. The Defendant now appeals.

At the guilty plea proceeding, the factual basis offered by the State shows that on March 25, 2009, the Defendant and a codefendant entered the Roundup Grocery in Zwolle, Louisiana. The codefendant was armed with a rifle, and the Defendant attempted to take a money tray from behind the counter, but he was unsuccessful. After pleading guilty to the crime of attempted armed robbery based on these facts, the Defendant filed the instant appeal, raising two assignments of error. The Defendant contends that prior to entering his guilty plea, he was not properly apprised of his constitutional rights. He also argues that the trial court failed to give sufficient consideration to certain mitigating factors and imposed an excessive sentence in this case. Because we find merit to the constitutional issues raised by the Defendant, we need not address the appropriateness of the sentence imposed.

The record before us contains the transcript of the guilty plea proceeding during which the trial court discussed with the Defendant the consequences of his decision to enter a plea of guilty. The Defendant now argues that the trial court failed to properly apprise him of his right to counsel and his right against self-incrimination, two core constitutional rights as stated in *State v. Casson*, 07-1081 (La.App. 3 Cir. 2/4/09), 2 So.3d 1246, *writ denied*, 09-501 (La. 11/20/09), 25 So.3d 785. For this reason, he requests that his conviction be vacated. The State concedes the transcript

does not reflect that the Defendant was apprised of his right against self-incrimination.  Although the Defendant did not file a motion to withdraw his guilty plea in the lower court, we have determined that his claim is not procedurally barred from consideration on appeal.  *See Casson*, 2 So.3d 1246, and *State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99), 741 So.2d 797.

In the similar case of *State v. Myers*, 43,105 (La.App. 2 Cir. 3/19/08), 978 So.2d 595, the defendant claimed on appeal that he was not apprised of his privilege against self-incrimination prior to the entry of his guilty plea.  Just as in the instant case, the transcript in *Myers* reflected a detailed and thorough discussion between the trial court and the defendant which included the defendant's understanding and voluntary waiver of certain constitutional rights.  The discussion did not include, however, any mention of the defendant's waiver of the privilege against self-incrimination.  The second circuit, in reversing his conviction, held:

> The entry of a guilty plea must be a free and voluntary choice on the part of a defendant.  *State v. Garth*, 622 So.2d 1189 (La.App. 2d Cir. 1993).  A valid guilty plea requires a showing that the defendant was advised of his constitutional rights, including his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers.  There must also be an express and knowing waiver of those rights. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).  Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *State v. Morrison*, 599 So.2d 455 (La.App. 2d Cir.1992).

> Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights.  *State v. Williams*, 384 So.2d 779 (La.1980).  In fact, appellate courts are mandated to indulge every reasonable presumption against waiver of these fundamental rights. *State v. Dickson*, 505 So.2d 758 (La.App. 2d Cir. 1987).

> In this case, the defendant concedes that the trial court informed him of his right to a jury trial and his right to confront and cross-examine the witness against him.  However, the defendant alleges

2

that the trial court failed to inform him of his privilege against self-incrimination.

The minute entry for June 18, 2007, reflecting the taking of the defendant's guilty plea states:

> The Court informed the Defendant of his CONSTITUTIONAL RIGHTS as per *Boykin v. Alabama* (See Court Reporter's Transcript).

The transcript indicates a colloquy during which the trial judge extensively questioned the defendant. In doing so, the trial judge determined that the defendant had an eighth grade education, had limited reading and writing skills, and that his financial affairs were handled in part by his sister. The trial judge also learned that the defendant was living with his mother at the time the incident in question occurred. The trial judge confirmed that the defendant's guilty plea had not been induced by any threats or promises. The trial judge also asked the defendant if he was on any drugs or medications which would affect his ability to understand the proceedings, to which the defendant gave an equivocal answer concerning a pain medication he takes at night.

As to a waiver of rights, the trial judge asked the defendant if he was aware that by pleading guilty he was waiving his right to a trial by jury, his right to confront and cross-examine witnesses at a jury trial, and his right to appeal the proceedings for any reason except for excessiveness of the sentence imposed. The defendant answered all these questions in the affirmative.

The colloquy lacks any express mention by the trial judge of the defendant's right against self-incrimination. Alternatively, the minute entry for June 18, 2007, reflecting the taking of the defendant's guilty plea, made a general reference to the defendant having waived his constitutional rights per *Boykin, supra*. Jurisprudence has established that in the event of a discrepancy between the minutes and the transcript, the transcript controls. *State v. Lynch*, 441 So.2d 732 (La.1983).

Furthermore, the record contains no other affirmative showing that a proper waiver of the defendant's right against self-incrimination ever took place. The record contains no guilty plea form indicating an understanding or waiver of the right against self-incrimination nor do the minutes of any of the hearings preceding the taking of the plea indicate that the defendant was informed of his right against self-incrimination. This assignment of error, therefore, has merit.

The trial court has failed to comply with the requirements of *Boykin v. Alabama, supra*. Therefore, the plea of guilty and conviction

shall be set aside, the sentence vacated, and the case remanded to the district court for further proceedings.

*Id.* at 597-98.

By contrast, in *State v. Cole*, 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, the fifth circuit rejected a challenge to the defendant's guilty plea on the basis that the trial judge failed to inform the defendant of his right against self-incrimination. Although the trial court failed to specifically apprise the defendant of his right against self-incrimination, it confirmed that defense counsel had reviewed the defendant's *Boykin* rights with him, including the right against self-incrimination. Additionally, the waiver of rights form, signed by both the defendant and his attorney, listed all of the defendant's *Boykin* rights. Beneath each section the defendant wrote "yes" indicating he understood his rights. Neither *Myers* nor the case before us included evidence of a waiver of rights form or a defense attorney's advice and counsel on the privilege against self-incrimination.

In the present case, the trial court determined that the Defendant was twenty-seven years of age, that he could read, write, and speak the English language, and that he was not under the influence of any drugs, alcohol, or other medications. It then informed the Defendant of the elements of the crime as well as the penalty range for the offense. The Defendant's right to trial by jury and right to confront his accusers were explained to him, and he indicated that he understood that by pleading guilty, he was giving up those rights. After ensuring that the Defendant had not been promised anything or threatened to enter his plea, the court heard the factual basis recited by the State and accepted the Defendant's plea.

As in *Myers*, the court minutes in the present case indicate the Defendant was apprised of his right against self-incrimination, but the transcript does not. In fact,

4

the transcript of the proceeding reveals the court did not inform the Defendant of his right against self-incrimination. As in *Myers,* there was no guilty plea form utilized in the taking of the Defendant's guilty plea, and there is no reference in the court minutes to other hearings prior to the taking of the plea at which the Defendant was informed of this right. Additionally, there is no indication that this information may have been provided to the Defendant by his attorney. Under the facts of this case, the Defendant's conviction must be vacated and the matter remanded to the trial court for further proceedings.

The Defendant's conviction and sentence are hereby vacated, and this matter is remanded to the trial court for further proceedings.

**CONVICTION AND SENTENCE VACATED; REMANDED.**

5