*45
 
 BROWN, Chief Judge.
 

 | defendant, Robert Womack, entered a guilty plea to one count of armed robbery and was sentenced to 30 years at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant now appeals in an effort to have his guilty plea vacated. Finding that the guilty plea was valid, we affirm.
 

 Facts and Procedural History
 

 On January 10, 2001, defendant and two other individuals robbed William Ledger while he was working at the Corner Store located at 6511 Highway 80 East in Bossier Parish. Defendant took both cash and cartons of cigarettes from Ledger’s immediate control through the use of threats and intimidation while armed with a .22 caliber pistol.
 

 On September 12, 2001, defendant pled guilty to armed robbery in reliance on a plea agreement that provided that the state would recommend defendant serve a 80-year hard labor sentence. On that same date, defendant was sentenced to 30 years at hard labor with the first five years to be served without the benefit of parole, probation, or suspension of sentence.
 

 On November 14, 2003, defendant filed an application for Post Conviction Relief (“PCR”) alleging ineffective counsel and that his guilty plea was not voluntary in that he suffered from a medical disorder. Although this PCR was not timely filed, the trial court heard the claims and denied relief as not being supported by the law and evidence.
 

 Several years later, on May 28, 2009, defendant filed a PCR application to correct an illegally lenient sentence. It was denied by the trial |2court. The sentence had been already corrected by the Department of Corrections to show no parole eligibility as defendant was a 3rd offender and that armed robbery carries no parole eligibility. La. R.S. 14:64(B). Inadvertently, this court granted a writ application and remanded for resentencing. The trial court resentenced defendant to 30 years at hard labor without the benefit of parole, probation, or suspension. Defendant has appealed.
 

 Discussion
 

 The sole assignment of error asserted is whether the record of appeal demonstrates defendant’s plea of guilty was entered knowingly and voluntarily with full understanding that the entirety of his sentence would be without parole eligibility. As noted, the voluntariness of the guilty plea had been ruled on in defendant’s first PCR application in 2003, and defendant’s guilty plea was found to have been entered freely and voluntarily.
 

 Knowingly and Voluntarily
 
 — Boykiniza
 
 tion
 

 A guilty plea is valid if the defendant is advised of and waives a triad of constitutional rights, including his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers.
 
 State v. Myers,
 
 43, 105 (La.App.2d Cir.03/19/08), 978 So.2d 595,
 
 citing Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant’s waiver of his rights must be made expressly and knowingly and the waiver must be apparent from the record.
 
 State v. Myers,
 
 43,105 (La.App.2d Cir.03/19/08), 978 So.2d 595,
 
 citing State v. Morrison,
 
 599 So.2d 455 (La.App. 2d Cir.1992).
 

 Anent this case, defendant knowingly, voluntarily, and expressly entered his plea of guilty before the trial court. During a thorough plea colloquy, defendant was advised of his constitutional rights per
 
 Boy-kin,
 
 and it was determined that defendant knowingly and voluntarily waived his privilege against compulsory self-incrimination,
 
 *46
 
 his right to a trial by jury, and his right to confront his accusers. In addition, defendant acknowledged that he understood the nature of the charge of armed robbery and that he had the opportunity to discuss the matter with his attorney. Defendant acknowledged that no one, including the district attorney or any police officer, made any promises to him in an effort to persuade him in pleading guilty.
 

 Reliance on Plea Agreement
 

 The Louisiana Supreme Court interpreted
 
 State ex rel. LaFleur v. Donnelly,
 
 416 So.2d 82 (La.1982), by stating that “a guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated defendant’s decision to so plead.”
 
 State v. Hayes,
 
 423 So.2d 1111 (La.1982). In
 
 LaFleur
 
 the record showed that defendant would not have pled guilty if he had known of his ineligibility for parole or probation.
 

 Here, the opposite is apparent from the record. The trial judge, taking note of the plea agreement, offered the following question during the plea colloquy:
 

 |4It is my understanding, Mr. Womack, that there’s a plea offer in this matter. And in exchange for your plea, the state is recommending that you receive a thirty (30) year hard labor sentence. You understand that?
 

 Mr. Womack answered in the affirmative. The trial court judge then allowed for defendant to be sure of his answer by asking, “Is that your understanding of the agreement?” and Mr. Womack, again, responded in the affirmative.
 

 This was not an agreed to sentence but only involved a recommendation by the prosecution that was not binding on the court. Defendant, during the plea colloquy and under oath, acknowledged twice that he understood the sentencing recommendation as being 30 years at hard labor. Defendant’s final sentence was for 30 years at hard labor without the benefit of parole. Therefore, defendant does not have a meritorious argument for vacating his plea agreement based on his reliance on a plea agreement as seen in
 
 LaFleur.
 

 Failure to Inform of Parole Eligibility
 

 La. C. Cr. P. art. 556.1 requires that the trial court inform defendant of the nature of the charge(s) to which the plea is offered and the minimum and maximum penalties provided by law. However, any variance from the procedure required by La. C. Cr. P. art. 556.1 that does not affect the substantial rights of defendant shall not invalidate the plea.
 
 State v. Warren,
 
 42,699 (La.App.2d Cir.10/24/07), 968 So.2d 909,
 
 writ denied,
 
 07-2485 (La.05/16/08), 980 So.2d 707,
 
 citing
 
 La. C. Cr. P. art. 556.1(E);
 
 State v. Honeycutt,
 
 41,601 (La.App.2d Cir.02/28/07), 953 So.2d 914;
 
 State v. 5Goins,
 
 40,364 (La.App.2d Cir.01/25/06), 920 So.2d 375,
 
 writ denied,
 
 06-1097 (La.11/09/06), 941 So.2d 38.
 

 In this case, the trial court judge informed defendant that by pleading guilty he may be subjecting himself to a 99-year sentence. Defendant assured the trial judge that he understood the nature and consequences of the offense and that he had spoken with his attorney regarding the charged offense. Furthermore, the prosecutor’s recommendation of a 30-year sentence at hard labor was discussed and understood by defendant through his own admission.
 

 The trial court’s failure to inform defendant of any potential parole ineligibility associated with his sentence was not a material factor in defendant’s decision to plead guilty. First, defendant’s decision to plead guilty cannot be said to have been induced by the expectation of parole. In fact, the eligibility of parole seems to only
 
 *47
 
 have entered defendant’s mind as a method to avoid the untimeliness of a PCR application.
 

 By pleading guilty defendant avoided a possible additional 69 years in prison. The evidence is overwhelming against defendant; in addition to defendant’s confession, there are surveillance tapes showing defendant committing the crime. Based on the above, defendant’s rights were not substantially harmed and the eligibility of parole does not appear to have been a material factor in defendant’s choice to plead guilty. Therefore, the guilty plea will not be vacated on those grounds.
 

 | fi
 
 Conclusion
 

 Under the facts and circumstances of this case, we do not find that defendant’s guilty plea should be vacated.
 

 AFFIRMED.