857 So.2d 12 (2003)
STATE of Louisiana
v.
Eugene JARROW.
No. 2003-K-0846.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2003.
Eddie J. Jordan, Jr., District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, for Relator/State of Louisiana.
Michael F. Vitt, Lugenbuhl, Wheaton, Peck, Rankin and Hubbard, New Orleans, LA, for Respondent/Defendant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, JR.).
*13 LEON A. CANNIZZARO JR., Judge.
On the application of the State of Louisiana, we now grant this writ to review the correctness of the trial court's judgment granting the defendant, Eugene Jarrow's, motion to vacate an illegal sentence and to set aside an illegal guilty plea.[1]

FACTS AND PROCEDURAL HISTORY
On March 20, 1979, in case number 269-092, the defendant was charged with one count of armed robbery. He pled not guilty. On April 30, 1979, the defendant withdrew his plea and pled guilty as charged. On August 22, 1979, the trial court sentenced him to serve ten years at hard labor without benefits of parole, probation, or suspension of sentence. The defendant completed his sentence.
On September 6, 1988, the defendant pled guilty to possession with intent to distribute cocaine in case number 326-625. In April 1999, in case number 394-573, the defendant was convicted of possession of marijuana and attempted possession of cocaine stemming from charges filed in January 1998. Following a multiple bill hearing, the trial court adjudicated the defendant a third felony offender as to the attempted possession of cocaine conviction and sentenced him to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The trial court also sentenced the defendant to serve six months in parish prison on the marijuana conviction. The defendant's convictions and sentences were affirmed on appeal.[2]
Also, in case number 383-494, the defendant was convicted of attempted second degree murder and sentenced to fifty years at hard labor without the benefit of probation, parole or suspension of sentence. The State filed a multiple bill. On November 14, 2001, following a multiple bill hearing, the trial court found the defendant to be a third felony offender, vacated the previously imposed fifty year sentence, and sentenced him to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The defendant's conviction and sentence in that case were also upheld on appeal.[3]
The life sentences imposed in both case numbers 394-573 and 383-494 were based, in part, on the defendant's April 30, 1979 guilty plea. The defendant appealed his adjudication as a third offender and the life sentences in both cases, but based upon the evidence the State presented at the multiple bill hearings, which included the minute entries, the docket master and the guilty plea forms, we found the State adequately met its burden in both cases to support the multiple offender adjudications and sentences. In 2001, the defendant had filed a motion for the production of his April 30, 1979 guilty plea transcript, hoping to defeat the State's use of the guilty plea at the multiple bill hearing on November 14, 2001 in case number 383-494. The trial court granted the motion, but the transcript was not mailed to the defendant until November 30, 2001.
On July 24, 2002, the defendant filed a pro se "Motion to Vacate an Illegal Sentence and to Set Aside an Illegal Guilty Plea." The trial court appointed counsel and set the matter for a hearing. On March 18, 2003, the trial court heard the *14 matter and took it under advisement. On April 7, 2003, the trial court granted the motion, found the April 30, 1979 guilty plea was not voluntarily entered, and vacated the sentence.

APPLICABLE LAW AND DISCUSSION
The trial court granted the motion to vacate the sentence and plea, adopting the defendant's argument that his sentence was "illegal" because his 1979 guilty plea was not voluntarily entered and, thus, the sentence could be corrected at any time. See La.C.Cr.P. art. 882. The State, however, argues the sentence imposed for the 1979 guilty plea, ten years at hard labor without the benefits of parole, probation or suspension of sentence, is and was a legal sentence for a conviction for armed robbery. Thus, the State argues that the defendant's pro se motion was, effectively, an application for post conviction relief, which was time-barred pursuant to La. C.Cr.P. art. 930.8. Specifically, the State contends that because the defendant pled guilty in 1979 and served the sentence, he is estopped from bringing his claim as more than two years have elapsed from the date the defendant's guilty plea and sentence became final. We disagree.
La.C.Cr.P. article 930.8, provides in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
(4) The person asserting the claim has been sentenced to death.
The trial court vacated the defendant's sentence (and apparently his guilty plea) because it found the transcript of the April 30, 1979 guilty plea did not show the defendant was adequately advised of his Boykin rights. The record in the case included a guilty plea form, signed by the defendant and counsel, and dated April 30, 1979. The first paragraph of the April 30, 1979 minute entry mentions a hearing on pretrial motions and the court's rulings on these motions, and after this paragraph appears the signature of the minute clerk. Under this signature is a second paragraph concerning the defendant's plea, and under this paragraph is a second minute clerk's signature. The April 30, 1979 transcript provided to the defendant by the court reporter in November 2001 indicates that the court passed on the matter of the defendant's plea. The court reporter's notation specifically states: "After listening to the remainder of the cases held that date, the matter of Eugene Jarrow was never recalled." Thus, no contemporaneous transcription of any guilty plea exists in this matter, if the guilty plea was, in fact, held in open court.
*15 The trial court noted that because the guilty plea form and the minute entry of the plea do not establish the defendant was adequately advised of his Boykin rights, there was no showing that the plea was voluntarily and knowingly entered. In particular, although the plea form advised the defendant of his right to trial, it did not specify that he had a right to a jury trial, one of the specified rights set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) of which a defendant must be advised in order for his plea to be considered voluntary. The minute entry from the guilty plea indicates only that the court "interrogated the Defendant as to his Constitutional Rights, having explained same and the Defendant answering in the affirmative." Nothing in either the minute entry or the guilty plea form indicates that the trial court advised the defendant of his right to a trial by jury, and the transcript of April 30, 1979 indicates the plea was deferred, and the trial court never recalled the defendant's case in open court.
Because the defendant did not obtain his April 30, 1979 guilty plea transcript until November 2001, well after the multiple bill adjudication hearings in case numbers 394-573 and 383-404, the facts upon which his claim is predicated, i.e, he was not adequately advised of his Boykin rights, were not known to him or his attorney. Although we affirmed the trial courts' findings that the State met its burden under State v. Shelton, 621 So.2d 769 (La.1993) at the earlier multiple bill hearings, it is clear that the April 30, 1979 guilty plea transcript was not part of the record in either case. Thus, in view of these circumstances, we find the exception set forth in La.C.Cr.P. art. 930.8 A(1) is applicable to the defendant's present claim. Furthermore, because the April 30, 1979 guilty plea transcript is deficient and the 1979 guilty plea form fails to reflect that the defendant was advised of his right to a jury trial, we cannot say the trial court erred in finding that the defendant's 1979 guilty plea was constitutionally invalid and in vacating the sentence imposed on August 22, 1979.

CONCLUSION
Accordingly, the relief requested by the State in its writ application is denied.
WRIT APPLICATION GRANTED; RELIEF DENIED.
TOBIAS, J., concurs in the result and assigns reasons.
TOBIAS, J., concurs in the result and assigns reasons.
I respectfully concur in the result.
Although the trial court did state that it found that Mr. Jarrow's plea of guilty was constitutionally invalid and that the sentence that Mr. Jarrow received was illegal because it rested upon an illegal plea, the trial court clearly meant that because Mr. Jarrow was not properly Boykinized his guilty plea and conviction cannot stand. Since Mr. Jarrow has already served the sentence imposed in case number 269-092, I do not think it proper to per se vacate the sentence; rather, we should merely reverse the conviction. Obviously, the 1979 conviction cannot be used for purposes of a multiple bill. Of course, the state is free to prosecute Mr. Jarrow on the 1979 armed robbery charge, and if they do so and he is again convicted, he would be entitled to a credit on any sentence for time served.
NOTES
[1] This court has jurisdiction to consider this matter because the trial court vacated the sentence. See Article 5, § 5(E) of the 1974 Louisiana Constitution.
[2] State v. Jarrow, unpub. XXXX-XXXX (La.App. 4 Cir. 1/17/01), 786 So.2d 980.
[3] State v. Jarrow, unpub. XXXX-XXXX (La.App. 4 Cir. 4/23/03), 844 So.2d 431.