599 So.2d 455 (1992)
STATE of Louisiana, Appellee,
v.
Delbert Andre MORRISON, Appellant.
No. 23,839-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
Jones, Charles, and Gilmore by E. Roland Charles, for appellant.
Richard Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., Charles L. Brumfield, Asst. Dist. Atty., for appellee.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
In response to an original charge of conspiracy to distribute cocaine, LSA-R.S. 14:26 and 40:967, defendant, Delbert Andre Morrison, pled guilty to inciting a felony, LSA-R.S. 14:28. After reviewing a presentence investigation report, the trial court imposed the maximum permissible term of imprisonment, two years at hard labor. Defendant now appeals, challenging the sentence as excessive. However, failing to reach that issue after finding patent error, we reverse and remand.
The scope of appellate review includes not only errors designated by assignment *456 but also those discoverable from the pleadings and proceedings, without inspection of the evidence. LSA-C.Cr.P. Art. 920; State v. Young, 535 So.2d 1150 (La. App.2d Cir.1988). Yet the plea colloquy, said to be in the nature of a pleading, constitutes a part of the proceedings that may be examined for patent error. State v. Godejohn, 425 So.2d 750 (La.1983).
A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of his constitutional right to trial by jury, right to confront accusers, and privilege against self-incrimination. Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Smith, 513 So.2d 544 (La.App.2d Cir.1987). Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980). In fact, appellate courts are mandated to indulge every reasonable presumption against waiver of these fundamental rights. State v. Dickson, 505 So.2d 758 (La.App.2d Cir.1987).
Here, although the trial judge informed Morrison of his right to a trial, the transcript fails to reveal notification of defendant's right to a jury trial. The Louisiana Supreme Court, in State v. Santiago, 416 So.2d 524 (La.1982), held constitutionally invalid a guilty plea form that included a general waiver of the right to trial but failed to make mention of the right to trial by jury. In the present case, the sole reference to a jury, and that occurring obliquely, transpired when the court indicated that the jury would be instructed regarding defendant's right to remain silent. Under such circumstances, the accused did not receive an adequate explanation of his right to a jury trial. Further, this constitutes error patent. See State v. Brew, 593 So.2d 447 (La.App.2d Cir.1992); State v. Nabors, 569 So.2d 255 (La.App.2d Cir.1990).
The instant case is readily distinguishable from this court's decision in State v. Battle, 552 So.2d 503 (La.App.2d Cir.1989), writ denied, 559 So.2d 136 (La.1990). Even thought the district court in Battle only informed the defendant of his right to trial, rather than to a jury trial, the judge nevertheless mentioned "jury" on several occasions. In one instance, the court remarked that a jury stood ready, if the defendant did not want to plead guilty. Such definite references do not appear in the colloquy of the case sub judice.
For the foregoing reasons, defendant's conviction is reversed, his sentence vacated and the case remanded to the trial court for further proceedings.
REVERSED AND REMANDED.