754 So.2d 1107 (2000)
STATE of Louisiana, Appellee,
v.
Christopher Brian WORSHAM, Appellant.
No. 32,670-KA.
Court of Appeal of Louisiana, Second Circuit.
February 1, 2000.
Michael O. Craig, Benton, Counsel for Appellant
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Michael A. Pitman, Assistant District Attorney, Counsel for Appellee.
Before BROWN, KOSTELKA, DREW, JJ.
KOSTELKA, J.
Christopher Brian Worsham ("Worsham") pled guilty as charged to one count of carnal knowledge of a juvenile, La. R.S. 14:80. After the denial of a timely motion for reconsideration, Worsham appealed his seven-year hard labor[1] sentence as excessive. We affirm.
On March 14, 1998, Worsham, age eighteen, committed oral sexual battery upon and engaged in sexual intercourse with a thirteen-year-old girl at a residence in Haughton, Louisiana. Worsham readily confessed when confronted.
Worsham argues that the trial court failed to consider this was his first felony offense and was not the victim's first sexual encounter and evidence of the victim's behavior after the incident.
After reviewing the trial court's articulation of reasons and the sentence imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009, we affirm the sentence.
At the original sentencing hearing, the court stated for the record that it had considered a presentence investigation report which reflected Worsham's first felony status. Moreover, the trial court considered evidence at the hearing on the motion to reconsider sentence regarding the victim's sexual history and actions after the event.
Considering all of the circumstances, including Worsham's first felony status, we do not find this moderate sentence to be shocking to the sense of justice nor constitute an abuse of discretion of the trial court's broad discretion. Worsham gained a substantial reduction in sentencing exposure through the plea agreement; the state agreed not to charge Worsham with other counts of carnal knowledge of a juvenile arising from these facts. The seriousness of this offense is escalated by *1108 the four-year age difference between the victim and Worsham. Moreover, we note Worsham's continued efforts to reduce his culpability through the victim's reputation. On the showing made, we do not find the seven-year sentence to be constitutionally excessive.
Upon error patent review, we note that the Boykin colloquy fails to inform Worsham of his right to a trial by jury. However, the supplemented appeal record shows that at Worsham's arraignment the trial court not only set the case for jury trial, but also advised him of his rights to a jury trial and the waiver of the right to a jury trial. Under these circumstances, we find that Worsham's guilty plea was knowingly and intelligently entered. Any omission in the Boykin colloquy was cured by the information of rights at arraignment.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial court initially and correctly advised Worsham during the guilty plea colloquy that the maximum sentence was ten years. However, at sentencing the court inexplicably stated its intent to impose the maximum sentence of seven years.