779 So.2d 761 (2000)
STATE of Louisiana, Appellee,
v.
Dennis Wayne FEASTER, Appellant.
No. 33,879-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
Indigent Defender Board by: William Rick Warren, Louisiana Appellate Project by: Peggy J. Sullivan, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, Counsel for Appellee.
Before STEWART, KOSTELKA and DREW, JJ.
STEWART, J.
The defendant, Dennis Wayne Feaster, was charged with one count of felony theft (shoplifting) and one count of illegal possession of stolen things, in violation of La. R.S. 14:67.10 and La. R.S. 14:69, respectively. *762 The defendant pled guilty to one count of felony theft in consideration of the state's agreement to dismiss the illegal possession charge. Following a pre-sentence investigation, the district court imposed a sentence of four years at hard labor and denied a timely motion to reconsider sentence. Defendant appeals his sentence as excessive. Noting error patent during the guilty plea, we vacate the conviction, set aside the sentence, and remand for further proceedings.

DISCUSSION
The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993); State v. Smith, 513 So.2d 544 (La.App. 2d Cir. 1987). A valid guilty plea requires a showing that a felony defendant was informed of and waived his constitutional rights of trial by jury, the confrontation of witnesses, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Monroe, 25,825 (La.App.2d Cir.3/30/94), 635 So.2d 481.
For guilty pleas entered after August 15, 1997, La.C.Cr.P. art. 556.1 requires the trial court, prior to accepting a guilty plea, to inform the defendant of the right to a trial by jury. The instant guilty plea was entered in June 1999. The district court advised defendant several times that he had a right to trial. However, as indicated by the contemporaneous recording of the guilty plea colloquy, the district court never advised defendant that he had a right to a trial by jury. We note the supreme court's holding in State v. Stiles, 99-1753, 99-1528 (La.5/16/00), 769 So.2d 1158, that deficiencies in the plea colloquy required by La.C.Cr.P. art. 556.1 are not subject to error patent review. However, absent a showing that the defendant was informed of and waived his right to trial by jury, the guilty plea is not valid as per the requirements of Boykin, supra.
Because of this serious omission, which neither the prosecutor, the trial defense counsel, nor the appellate defense counsel noted, the guilty plea is invalid. Accordingly, we pretermit discussion of the assigned error. We advise the prosecutor to exercise greater vigilance in noting errors during guilty plea colloquies so as to assist the trial court in completing valid convictions.

DECREE
The conviction of Dennis Wayne Feaster is vacated, and the sentence of four years at hard labor is set aside. The matter is hereby remanded for further proceedings.
CONVICTION VACATED; SENTENCE SET ASIDE; REMANDED.
KOSTELKA, J., concurs with written reasons.
DREW, J., dissents with written reasons.
KOSTELKA, J., concurring.
I concur, noting that the record before us contains no explanation or admonition of defendants' right to trial by jury as did the supplemented appeal record in State v. Worsham, 32,670 (La.App.2d Cir.02/01/00), 754 So.2d 1107.
DREW, J., dissenting.
I respectfully dissent. My colleagues have vacated this guilty plea, even though the totality of this record may well satisfy the required Boykin threshold.
First, no one except this panel makes any objection to the plea-not the defendant, not the state, not the trial judge. Second, the provisions of La. C.Cr.P. art. 556.1 do not mandate reversal, despite the mandatory language therein. State v. Guzman, State v. Stiles, 99-1753, 99-1528 (La.5/16/00), 769 So.2d. 1158. Third, the minimal effort required to secure and review a transcript of the arraignment in *763 this matter, would undoubtedly disclose that the defendant at that time was properly advised of the modes of trial for this offense as required by La. C.Cr.P. art. 780. Defendant's subsequent trial waiver at the guilty plea was made after the defendant had been informed at arraignment that he was entitled to a trial by judge or jury.
In other words, the reality is that this defendant knew at guilty plea at least the jurisprudential minimum required for a felony plea under Boykin, et al. The failure of the prosecutor and trial judge to again advise relative to defendant's right to a trial by judge or jury results in the squandering of judicial resources, simply because we have not been provided the full picture, to-wit, the transcript of the arraignment. In the future, the officials below should devise and follow a simple guilty plea checklist, predicated upon C.Cr.P. art. 556.1, so as to make sure of constitutional compliance at guilty pleas.
I would much prefer this court simply order a transcript of the arraignment for review before vacating these proceedings on our own motion. This would prevent our telling the trial court to start over from scratch, when the cold, hard truth is that this defendant does not deserve such a break.