930 So.2d 359 (2006)
STATE of Louisiana, Appellee
v.
David DISOTELL, Appellant.
No. 40,989-KA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2006.
Rehearing Denied June 23, 2006.
Indigent Defender Board, by Jack "Buddy" Slaid, Louisiana Appellate Project, by Peggy Sullivan, for Appellant.
J. Schuyler Marvin, District Attorney, Marcus Patillo, Charles Smith, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and MOORE, JJ.
MOORE, J.
The defendant, David Disotell, pled guilty to attempted possession of a Schedule I CDS with intent to distribute, reduced from the original charge of possession with intent. He was sentenced to three years at hard labor. He now appeals alleging the sentence is excessive. *360 Our review of the record reveals a constitutionally defective plea. Accordingly we vacate and set aside the conviction and sentence, and remand to the trial court for further proceedings.

FACTS
On June 10, 2004, the defendant knowingly and intentionally attempted to distribute marijuana, a Schedule I CDS. The defendant pled guilty to this charge and the facts recited in court constituting the crime. He was subsequently sentenced to three years at hard labor. He appeals the sentence as excessive.

DISCUSSION
In order for a guilty plea to be valid, the accused must make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Jones, 28,929 (La.App. 2 Cir. 4/2/97), 691 So.2d 858. A guilty plea will not be considered free and voluntary unless the court advises the defendant of the triad of these rights as explained in Boykin, supra, and Louisiana jurisprudence.
In this instance, the transcript of the guilty plea hearing reveals that, although the defendant was informed of his right to a trial, he was not informed of his right to trial by jury, in violation of Boykin, supra. For this reason, the conviction and sentence must be vacated and set aside. State v. Feaster, 33,879 (La.App. 2 Cir. 11/1/00), 779 So.2d 761; State v. Kunzman, 31,976 (La.App. 2 Cir. 5/5/99), 741 So.2d 112; see also State v. Walker, 32,342 (La.App. 2 Cir. 9/24/99), 747 So.2d 133, writ denied, 00-0999, 773 So.2d 725 (La.11/13/00). (Following Kunzman, supra, the court vacated habitual offender adjudication when the minute entry from a prior plea showed that the defendant had merely been informed of his "right to trial.") Because the conviction and sentence is invalid, we pretermit discussion of the assigned errors.

CONCLUSION
The failure to advise the defendant of his right to a trial by jury is fatal to the conviction in this case and the sentence based thereon. Accordingly, we vacate and set aside the conviction and sentence, and remand to the trial court for further proceedings.
CONVICTION AND SENTENCE VACATED AND SET ASIDE; REMANDED.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, DREW, and MOORE, JJ.
Rehearing denied.