930 So.2d 345 (2006)
STATE of Louisiana, Appellee,
v.
Katrina ROBINSON, Appellant.
Nos. 40,983-KA, 40,984-KA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2006.
*346 Peggy Sullivan, Louisiana Appellate Project, Jack W. Slaid, Indigent Defender Board, for Appellant.
J. Schuyler Marvin, District Attorney, Marcus Patillo, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
GASKINS, J.
The defendant, Katrina Robinson, entered a guilty plea to second degree battery and was ordered to serve three years at hard labor. She also entered a guilty plea to aggravated second degree battery and was ordered to serve ten years at hard labor, with the sentences to be served consecutively. She now appeals the sentences as excessive. Noting constitutional error in the guilty pleas, we vacate the convictions, set aside the sentences, and remand for further proceedings.

FACTS
On December 5, 2004, the defendant engaged in an altercation in which she cut her sister, Felicia Robinson, with a knife. The defendant was charged with aggravated battery. On March 11, 2005, the defendant shot her boyfriend, Laverto Shine. She was charged with attempted second degree murder.
On June 13, 2005, the defendant entered guilty pleas to reduced charges in both matters. Pursuant to a plea agreement, the defendant was allowed to plead guilty to second degree battery in the altercation with her sister and aggravated second degree battery in the shooting of her boyfriend. The court then imposed the sentences set forth above. Timely filed motions to reconsider the sentences were denied by the trial court.

DISCUSSION
United States Constitution Amendment VI provides:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed by the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.
The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Feaster, 33,879 (La.App.2d Cir.11/1/00), 779 So.2d 761. In order for a guilty plea to be valid, it is *347 necessary for the accused to make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Jones, 28,929 (La.App.2d Cir.4/2/97), 691 So.2d 858.
A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of the triad of rights as annunciated in Boykin, supra and the Louisiana jurisprudence. An express and knowing waiver of those rights must appear on the record; an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992).
At the guilty plea proceeding on these two offenses, the trial court failed to adequately advise the defendant of her constitutional rights as required by Boykin v. Alabama, supra. The trial court advised the defendant that she had a right to trial, but failed to advise her that she had a right to trial by jury. The court asked the defendant if she understood her rights as explained. Finally, the trial court asked the defense counsel if the defendant understood her rights and voluntarily waived them. Both the defendant and the defense counsel answered affirmatively.
While the Louisiana Supreme Court held in State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158, that deficiencies in a guilty plea in violation of La. C. Cr. P. art. 556.1 are not subject to error patent review, the failure of a court to advise the defendant of his right to a jury trial is also a violation of Boykin, supra.[1]
In State v. Feaster, supra, this court vacated a guilty plea where the defendant was not informed of his right to a trial by jury. That opinion specified that the trial court advised the defendant several times of his right to a trial, but not a jury trial.[2] See also State v. Morrison, supra, where the court reversed a guilty plea for the trial court's failure to inform the defendant of his right to a jury trial.[3]
This court has also set aside habitual offender adjudications based upon a prior guilty plea where the defendant was advised of his right to a trial, but not a jury trial. State v. Kunzman, 31,976 (La. App.2d Cir.5/5/99), 741 So.2d 112; State v. Walker, 32,342 (La.App.2d Cir.9/24/99), 747 So.2d 133, writ denied, XXXX-XXXX (La.11/13/00), 773 So.2d 725. See also State v. Jarrow, XXXX-XXXX (La.App. 4th Cir.9/10/03), 857 So.2d 12.[4]
*348 The minutes of the defendant's arraignment state that the court explained "her rights as to the method of trial." The minutes of the defendant's guilty pleas both indicate that the court "explained to the defendant the right to trial by jury,...." This is simply not supported by the transcript. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
Because the defendant was not properly informed of her basic constitutional rights prior to entry of her guilty pleas, as required by Boykin, the pleas are not valid. Accordingly, we vacate the pleas, set aside the sentences, and remand these matters for further proceedings. We do not reach the defendant's complaint that the sentences imposed were excessive.

CONCLUSION
For the reasons stated above, we vacate and set aside the convictions and sentences and remand to the trial court for further proceedings.
CONVICTIONS AND SENTENCES VACATED AND SET ASIDE; REMANDED.
DREW, J., concurs with written reasons.
DREW, J., concurring.
I concur with the excellent opinion written by my sister judge, though I feel constrained to add a couple of thoughts.
First, it would be helpful if prosecutors listened closely in court to ALL Boykin colloquies and (discreetly) point out at that moment any omissions by the trial court. This practice would make a Boykin waiver legal, deliver full rights to the defendant, and save everyone a lot of time and frustration months or years later.
Second, as I have written before, in the 26th Judicial District Court, at least since 1988, it has been the practice to go over with the defendant at arraignment his possible choice of bench trial or trial by jury. If this has no effect, then the 26th is wasting time and breath. If this were a guilty plea to the original charge, I would request the arraignment transcript, and if the magic words were there, then dissent. As it is, a plea here to a reduced charge, the failure to cover the defendant's right to a jury trial at her guilty plea is indeed fatal.
I respectfully concur.
NOTES
[1] In Guzman, supra, the defendant was given his Boykin rights; the trial court found that the failure to notify the defendant of the mandatory minimum sentence was harmless error.
[2] In Feaster, supra, Judge Drew dissented from the reversal of a conviction on the same grounds raised here, noting that a transcript of the arraignment would likely reveal that the defendant was notified of his right to a jury trial at that court appearance. In Feaster, the defendant entered a guilty plea to the original charges. This case differs in that the defendant pled guilty to amended charges.
[3] In Morrison, the court distinguished the decision in State v. Battle, 552 So.2d 503 (La. App. 2d Cir.1989), writ denied, 559 So.2d 136 (La.1990), which upheld a guilty plea whereby the judge only informed the defendant of his right to a trial, rather than a right to a jury trial, but mentioned the jury on several occasions. The court even remarked that the jury stood ready if the defendant did not want to plead guilty.
[4] We recognize that State v. Jones, 1999-2207 (La.1/29/01), 778 So.2d 1131, and State v. Guzman, supra, hold that error patent review is not available for violations of La. C. Cr. P. art. 556.1. However, here we deal not merely with a failure to comply with La. C. Cr. P. art. 556.1, but with a failure to comply with the advice of basic rights to a defendant to ensure that a guilty plea is a knowing and voluntary as required by Boykin v. Alabama, supra. Interestingly, in Boykin, the failure to adequately advise the defendant of the rights waived by pleading guilty was initially noted by the Alabama Supreme Court on its own motion.