GASKINS, J.
hThe defendant was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967. The defendant pled guilty and was sentenced to 15 years at hard labor without the benefit of parole, probation or suspension of sentence. We affirm.
FACTS
On March 2, 2005, a “buy/bust” operation was executed by the Metro Narcotics Unit in the Monroe area by Lieutenant Rowlan. Rowlan equipped a reliable confidential informant with an audio recording device and photocopied the Metro Narcotics Unit buy money. The defendant flagged down the informant, as he arrived at the intersection of North 22nd and Flynn Street. The defendant sold $100 worth of cocaine to the informant as Row-lan watched and recorded the conversation from a block away. The defendant was immediately arrested.
EXCESSIVE SENTENCE
When, as here, a defendant fails to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court’s review is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. La. C. Cr. P. art. 881.1 precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Therefore, the defendant’s constitutional review turns upon whether the sentence is illegal or grossly disproportionate to the severity of the offense. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A sentence is considered grossly disproportionate, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A trial court has broad discretion to sentence within the statutory limits. That sentence should not be set aside absent a showing of manifest abuse of that discretion. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing a sentence, the trial court stated that the presentence investigation report indicates that the defendant is a fourth felony offender, who has been convicted of two counts of grand larceny, burglary of a dwelling, middle grade theft and possession of drug paraphernalia.
Responding to the sentencing guidelines, the court stated the defendant is likely to commit another crime. The court also *325 noted that, based on the defendant’s testimony about his cocaine addiction at the sentencing hearing, he is a prime candidate for the Blue Walters Treatment program. As a mitigating factor, the court also recognized the defendant’s drug addiction.
The sentencing range for distribution of cocaine is imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years to be served without the benefit of probation, parole, or | asuspension of sentence. The trial court may also impose an additional fine not more than $50,000. La. R.S. 40:967 B(4)(b).
The trial court imposed a sentence of 15 years at hard labor without the benefit of parole, probation or suspension of sentence.[1] Considering the totality of the record, this 15-year sentence is not constitutionally excessive. The sentence is one-half of the sentence that the trial court could have imposed. The defendant is a fourth felony offender who has been convicted of two counts of grand larceny, burglary of a dwelling, middle grade theft and possession of drug paraphernalia. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. This assignment is therefore without merit.
ERROR PATENT REVIEW
Our review of the record reveals that, before accepting the defendant’s guilty plea, the trial court failed to advise the defendant of his privilege against self-incrimination and right to confrontation. The defense counsel and the defendant, however, have requested that the invalidity of the plea be waived and that the sentence be reviewed only for excessiveness.
In order for a guilty plea to be valid, it is necessary for the accused to make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory selfjincrimination,4 the right to trial by jury, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Feaster, 33,-879 (La.App.2d Cir.11/1/00), 779 So.2d 761; State v. Jones, 28,929 (La.App.2d Cir.4/2/97), 691 So.2d 858. A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of the triad of rights as enunciated in Boykin, supra, and Louisiana jurisprudence. Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992). Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980); State v. Morrison, supra.
While the Louisiana Supreme Court held in State v. Guzman, 99-1753, 99-1528 (La.5/16/00), 769 So.2d 1158, that deficiencies in a guilty plea in violation of La. C. Cr. P. art. 556.1 are not subject to *326 error patent review, the failure of a court to advise the defendant of his right to confrontation and privilege against self incrimination is also in violation of Boykin, supra. An appellate court’s review of the constitutional validity of a guilty plea should be determined by the totality of circumstances in each individual case. State v. Jackson, 2004-2863 (La.11/29/05), 916 So.2d 1015. It should not invalidate the plea automatically, as in this case, over the strong objections of the defendant. State v. Jackson, supra.
|fiHere, appellate defense counsel asserts that the defendant has not attacked the validity of the plea. Furthermore, the defendant has submitted an affidavit in which he waived the claim of invalidity of his guilty plea. Appellate counsel further asserts that it is clear from the transcript that the trial court provided an adequate explanation of the defendant’s rights and the desire of the defendant to waive those rights.
The trial judge conducted an extensive plea colloquy with the defendant. The judge asked the defendant whether he understood what he was waiving by pleading guilty and the defendant responded affirmatively. The defendant was made aware of the nature of the offense. The state explained the factual basis of the offense and the defendant stated that the facts were accurate. Although the trial judge did not expressly advise the defendant that he was waiving his right to confrontation, the court specifically stated that the state would not have to call “witnesses to establish [his] guilt” if he pled guilty. This in-depth plea examination, along with the defense attorney’s and the defendant’s requests to uphold the plea, show that the defendant understands and waives his Boykin rights. Based on the totality of the circumstances, the defendant knowingly and intelligently waived his rights. Therefore, the plea will not be set aside.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La. R.S. 40:967(B)(4)(b) states that there is a minimum sentence of two years and that these two years shall be imposed without benefit of parole, probation or suspension of sentence. The trial judge may allow probation or suspension of sentence for a sentence that is in excess of the minimum two year sentence. The trial judge is not given the authority to deny parole for sentences in excess of two years under this statute. By operation of the laws regarding parole, specifically La. R.S. 15:574.4(A)(1), a person who is convicted of a third or subsequent felony offense, as is this defendant, is not eligible for parole.