940 So.2d 40 (2006)
STATE of Louisiana, Appellee
v.
Andre HARVEY, Appellant.
No. 41,315-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
*41 Paula C. Marx, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney John M. Lawrence, John W. Montgomery, Assistant District Attorneys, for Appellee.
Before GASKINS, DREW and LOLLEY, JJ.
GASKINS, J.
The defendant, Andre Harvey, entered a plea of guilty to simple escape. He was sentenced to two years at hard labor, to be served consecutively to any other sentence. On appeal, the defendant argues that he was not specifically advised of his right to trial by jury and did not waive that right. He requests that the plea be vacated because it was not the product of a fully informed, voluntary decision. For the following reasons, we find the plea to be constitutionally defective. We vacate and set aside the conviction and sentence and remand to the trial court for further proceedings.

FACTS
The defendant was charged with intentionally escaping from the lawful custody of the Webster Parish Sheriff's Department while at Springhill Junior High School on June 7, 2005. On December 14, 2005, the defendant pled guilty to simple escape with an agreed minimum sentence of two years at hard labor.
During the plea colloquy, the trial court informed the defendant that he had the "right to continue your not guilty plea and *42 have a trial," that his "attorney would cross-examine anyone who accused you of this crime," that he had the "right to remain silent" and that he had "the right to summons witnesses and the Court would subpoena whatever evidence you needed in order for you to present a defense." The trial court also informed the defendant that, if convicted, he would have the right to an appeal. The defendant then indicated that he wished to plead guilty to the charges.
The defendant now appeals, noting that the trial court failed to inform him of his right to trial by jury. Therefore, he claims that he could not have voluntarily waived the right to trial by jury and asks that the plea be vacated.

DISCUSSION
The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. State v. Feaster, 33,879 (La.App.2d Cir.11/1/00), 779 So.2d 761; State v. Robinson, 40,983 (La.App.2d Cir.5/17/06), 930 So.2d 345. In order for a guilty plea to be valid, it is necessary for the accused to make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Jones, 28,929 (La.App.2d Cir.4/2/97), 691 So.2d 858.
A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of the triad of rights as annunciated in Boykin, supra, and Louisiana jurisprudence. An express and knowing waiver of those rights must appear on the record; an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992).
The trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980); State v. Morrison, supra.
This court has recently held in several cases that the failure to inform a defendant of the constitutionally guaranteed right to trial by jury requires that the conviction and sentence be vacated and the matter remanded for further proceedings. State v. Robinson, supra, and State v. Disotell, 40,989 (La.App.2d Cir.5/17/06), 930 So.2d 359. For the reasons assigned in State v. Robinson, supra, and State v. Disotell, supra, the present case requires the same result.[1]
The minutes of the guilty plea show that the defendant was advised of his right to a trial by jury; however, this fact is not borne out by the transcript of the proceedings. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). The advice of the right to trial by jury is absent from the guilty plea in this case.[2]
The state cites State v. Battle, 552 So.2d 503 (La.App. 2d Cir.1989), writ denied, 559 So.2d 136 (La.1990), wherein this court upheld a guilty plea when the defendant *43 was not specifically informed of his right to trial by jury. However, in that case, the defendant pled guilty on the day the jury trial was to begin. He was informed twice that a jury was present and that the state was ready to proceed to a jury trial if he did not plead guilty. State v. Battle, supra, is factually distinguishable from the present case.

CONCLUSION
For the reasons stated above, the guilty plea and sentence in this matter are vacated and the matter is remanded to the trial court for further proceedings.
CONVICTION AND SENTENCE VACATED AND SET ASIDE; REMANDED.
NOTES
[1] See and compare State v. Jones, 41,018 (La. App.2d Cir.6/28/06), 935 So.2d 323, in which the defendant, on appeal, specifically waived the claim of the invalidity of the plea.
[2] The minutes indicate that, at arraignment, the defendant was notified as to the method of trial. However, no transcript was submitted to show the defendant was advised he had a right to trial by jury.