942 So.2d 1184 (2006)
STATE of Louisiana, Appellee,
v.
Eric GIPSON, Appellant.
Nos. 41,337-KA, 41,338-KA.
Court of Appeal of Louisiana, Second Circuit.
October 16, 2006.
Calvin Shirey, Shreveport, Louisiana Appellate Project, by Annette Fuller Roach, for Appellant.
J. Schuyler Marvin, Graydon K. Kitchens, Jr., John M. Lawrence, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and MOORE, JJ.
MOORE, J.
The defendant, Eric Gipson, pled guilty to aggravated second degree battery and *1186 possession of a firearm by a convicted felon. He was sentenced to 5 years at hard labor for aggravated second degree battery and 10 years without benefits for the possession conviction, to be served consecutively. We vacate and set aside the guilty plea and sentences because the trial court failed to advise the defendant of his right to a trial by jury and right of confrontation before accepting the guilty plea.

FACTS
On August 13, 2004, the defendant argued with Patricia Robertson, put a gun to his head and threatened to kill himself, then turned and fired at her. One bullet went through her right thigh. She was also "hit" in the ear and the chest. The defendant was charged with attempted first degree murder and possession of a firearm by a convicted felon, based on a prior guilty plea to simple burglary. He then pled pursuant to an agreement that reduced the attempted murder charge to aggravated second degree battery. The agreement specified that there would be a "ten-year cap to run concurrent." [sic]. The defendant was sentenced to 5 years at hard labor "on the second degree battery" (there was no mention of "aggravated" at the sentencing hearing) and 10 years without benefits for the possession conviction, to be served consecutively.

DISCUSSION
Errors Patent
The trial court failed to adequately advise the defendant of his rights before accepting his guilty plea. The minutes show that formal arraignment was waived for both charges on September 20, 2004. The minutes also state that the trial court "explained to the defendant his rights as to method of trial" on two occasions, but do not elaborate. The minutes show that the trial court explained the defendant's right to a trial by jury and his right to confront accusers; however, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). After the trial court's questioning of the defendant, his counsel was asked, "[Y]ou've heard my questions to your client. Do you believe your client understands his rights and voluntarily waives them?" The defense counsel answered in the affirmative.
In order for a guilty plea to be valid, it is necessary for the accused to make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984); State v. Jones, 28,929 (La.App. 2 Cir. 4/2/97), 691 So.2d 858. A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of the triad of rights as annunciated in Boykin, supra, and Louisiana jurisprudence. Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2 Cir.1992). Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980); Morrison, supra.
Right to Jury Trial
The trial court failed to advise the defendant that he had a right to a jury *1187 trial. Before accepting the defendant's guilty plea in the instant case, the trial court advised the defendant that he had a right to continue his "not guilty plea and have a trial[.]" The trial court later told the defendant that he had a right to remain silent during his "trial." At no time during the plea hearing was the word "jury" mentioned.
This issue has been noted in several recent cases from the 26th JDC, including Maxie (No. 40,920-KA), Robinson (Nos. 40,983-KA and 40,984-KA), Mendenhall (No. 40,986-KA), Disotell (No. 40,989-KA), Woods (No. 41,126-KA), Rankin (No. 41,128-KA), and Harvey (No. 40,315-KA). In Robinson, supra, this court reversed the pleas because the defendant was not informed of her right to a trial by jury. The same result was reached in Disotell, supra.
In State v. Feaster, 33,879 (La.App. 2 Cir. 11/1/00), 779 So.2d 761, this court vacated a guilty plea where the defendant was not informed of his right to a trial by jury. That opinion specified that the trial court advised the defendant several times of his right to a trial, but not a jury trial. Id. at 762. See also Morrison, supra, where this court reversed a guilty plea for the trial court's failure to inform the defendant of his right to a jury trial. (Emphasis in original.) This court set aside a habitual offender adjudication based upon a prior guilty plea where the defendant was not properly Boykinized because he was advised of his right to a trial, but not a jury trial. State v. Kunzman, 31,976 (La. App. 2 Cir. 5/5/99), 741 So.2d 112. This court followed the ruling in Kunzman, supra, in vacating another habitual offender adjudication when the minute entry from a prior plea showed that the defendant had merely been informed of his "right to trial." State v. Walker, 32,342 (La.App. 2 Cir. 9/24/99), 747 So.2d 133, writ denied, 00-0999 (La.11/13/00), 773 So.2d 725. See also State v. Jarrow, 03-0846 (La.App. 4 Cir. 9/10/03), 857 So.2d 12, where that court found no error in a trial court's ruling to vacate a sentence and plea where the plea was constitutionally invalid because neither the plea form nor the minute entry indicated that the defendant was informed of his right to a trial by jury. (Emphasis original.)
Because there is no showing on the record that the defendant was advised of his right to a jury trial, the guilty plea will be vacated.
Right of Confrontation
The trial court told the defendant that "the DA must prove his case beyond a reasonable doubt[,]" and that the defendant's attorney "would examine the DA's witnesses." However, the trial court did not advise the defendant that he had a right to confront his accusers.
The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. In State v. Welch, 99-1283 (La.4/11/00), 760 So.2d 317, the Louisiana Supreme Court explained that the Sixth Amendment provides "two types of protections for a criminal defendant: the right physically to face those who testify against him and the right to conduct cross-examination." While Welch, supra, involved a trial and not a plea, the explanation regarding the two types of protection has been cited by this court in discussing sufficiency of a trial court's Boykinization of a defendant during the taking of a guilty plea. State v. Anderson, 34,491 (La.App. 2 Cir. 4/4/01), 784 So.2d 749, writs denied, 01-1431 (La.4/12/02), 812 So.2d 666 and 01-2429 (La.5/24/02), 816 So.2d 303.
*1188 This issue has also been addressed in recent cases including Mendenhall (No. 40,986-KA) and Rankin (No. 41,128-KA). This court ruled in Mendenhall, supra, that a similar explanation of the right as stated in the instant case was insufficient to adequately advise the defendant of his right to confrontation. Therefore, the plea must be vacated, and the matter remanded to the trial court for further proceedings.
Because the plea was taken without properly advising the defendant of his constitutional rights, this court does not need to address the assigned errors.

CONCLUSION
The trial court failed to fully advise the defendant of his right to a trial by jury and his right of confrontation before accepting the guilty plea. For these reasons, the guilty plea and sentence must be vacated and this matter is remanded to the trial court for further proceedings.
GUILTY PLEA AND SENTENCE VACATED AND SET ASIDE; REMANDED.
GASKINS, J., concurs.