# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 07-1081


**STATE OF LOUISIANA**

**VERSUS**

**DOMINIQUE J. CASSON**


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C 11066
HONORABLE DEE A. HAWTHORNE, PRESIDING
**********


**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR
FURTHER PROCEEDINGS**


**Billy Harrington, Assistant District Attorney**
**Parish of Natchitoches**
**10th Judicial District**
**P.O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT-APPELLANT:**
**Dominique J. Casson**

**COOKS, Judge.**

We granted rehearing to consider the correctness of our original opinion and conclusion therein. We now vacate our original judgment and find we erred in previously holding that "[a] new ground for withdrawal of a guilty plea, even if meritorious, may not be raised for the first time on appeal."

In *State v. Dixon*, 449 So.2d 463, 464 (La.1984), the Louisiana Supreme Court stated it "has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post conviction relief. *State v. Hayes*, 423 So.2d 1111 (La.1982), and cases cited therein." In *State v. Galliano*, 396 So.2d 1288, 1289 (La.1981), the supreme court held:

> Code of Criminal Procedure art. 559 provides, in pertinent part, that "(t)he court may permit a plea of guilty to be withdrawn at any time before sentence." In this case, however, the court permitted withdrawal of the plea after sentencing. Thus, it is first necessary to discuss whether article 559 stood as an absolute bar to the judge's actions.
>
> *Notwithstanding the language of article 559, this Court has stated that a constitutionally infirm guilty plea may be withdrawn after sentence is imposed in the same manner that any illegal sentence may be attacked, namely, appeal, or writs of certiorari or habeas corpus.* C.Cr.P. art. 882; *State v. Banks*, 383 So.2d 1009 (La.1980); *State ex rel. Clark v. Marullo*, 352 So.2d 223 (La.1977). The reason for this exception in the context of guilty pleas was to insure that no person was deprived of his liberty merely because he failed to challenge the voluntariness of his plea within the limited period of time between the plea and sentencing.

(Emphasis added; footnote omitted.)

In *State v. Whiddon*, 99-1 (La.App. 3 Cir. 06/02/99), 741 So.2d 797, 801, this court acknowledged that a constitutionally infirm guilty plea may be set aside by either an appeal or post-conviction relief:

> The Defendant failed to file a motion to withdraw his guilty plea in the lower court. However, in *State v. West*, 97-1638, p. 2-3 (La.App. 1 Cir. 5/15/98), 713 So.2d 693, 695, a defendant failed to file a motion to withdraw his guilty plea and the first circuit stated that " ... [e]ven

when a formal motion to withdraw a guilty plea is not filed, the Louisiana Supreme Court has held that a constitutionally infirm guilty plea may be set aside either by means of an appeal or post-conviction relief." This court, in *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, addressed the validity of a defendant's guilty plea due to the constitutional nature of the Defendant's argument that his plea was not knowingly and intelligently entered, although the validity of the plea was raised for the first time on appeal because he did not file a motion to withdraw the guilty plea in the trial court. In accordance with *Jordan*, we will address the validity of his guilty plea even though he has not filed a motion to withdraw his guilty plea.

As noted by Defendant's appellate counsel, the issues raised in this appeal are "core constitutional rights of the defendant - they are not 'trial errors' that are normally waived by failing to file a contemporaneous objection." Therefore, we find our earlier ruling that Defendant's assignment of error was procedurally barred because it was raised for the first time on appeal was erroneous. Accordingly, we will now consider Defendant's assignment of error on the merits.

In his assignment of error, Defendant argues the trial court failed to fully advise him of two of his constitutional and statutory rights – the right to confront and cross-examine his accusers and the right to an attorney at all stages of the proceedings. As a result, Defendant contends his guilty plea is invalid as the record does not clearly show that he knowingly and intelligently waived his right to proceed to trial.

In *State v. Bouie*, 00-2934, p. 9 (La. 5/14/02), 817 So.2d 48, 53, the Louisiana Supreme Court explained:

> A trial judge has broad discretion in ruling on a defendant's motion to withdraw his guilty plea before sentencing. La.Code Crim.Proc. art. 559. When circumstances indicate that the plea was constitutionally invalid, the trial judge should allow the defendant to withdraw his plea. *State v. Toney*, 412 So.2d 1034, 1035-36. In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court stated that the validity of a guilty plea turns on whether the defendant is informed of the rights he waived and whether his decision to waive his rights by pleading guilty is knowing and voluntary. *See also State v. Jones*, 404 So.2d 1192, 1196 (La.1981); *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (1971).

On appellate review, "a trial court's denial of a motion to withdraw a guilty plea will not be reversed if the record clearly shows that the defendant was informed of his rights and of the consequences of his plea, and the plea was entered voluntarily." *State v. Grogan*, 00-1800, p. 3 (La.App. 3 Cir. 5/2/01), 786 So.2d 862, 864. However, "'an otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged.'" *Bouie*, 817 So.2d at 53, *quoting State v. Compton*, 367 So.2d 844, 847 (La.1979).

Defendant argues the "advisement of rights" in this case was "minimal" and is "insufficient to establish a knowing and voluntary waiver" of Defendant's right to confront and cross-examine his accusers and the right to an attorney at all stages of the proceedings. Defendant also argues the plea agreement form does not contain a discussion of the various rights being waived by the entry of the guilty plea, but was only limited to the terms of the plea agreement. The following colloquy occurred between the trial court and Defendant at the guilty plea hearing.

THE COURT:     You understand that by entering a plea of guilty you waive the following constitutional rights: the right to be tried before a jury and the right to have all witnesses as to any facts constituting the crime to be sworn and testify before this Court and you?

MR. CASSON:     Yes ma'am.

THE COURT:     You are charged with the crime of Manslaughter which is defined as follows: Manslaughter is a homicide which would be murder under either Article 30, First Degree Murder or Article 30.1, Second Degree Murder. But the offense is committed in sudden heat or passion of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to a Manslaughter if the jury finds that the offender's blood has actually cooled or that an average person's blood would have cooled at the time the offense was

committed . . . That's the pertinent part. All right you understand that whoever commits Manslaughter shall be imprisoned at hard labor for not more than forty years. However if the victim was killed as a result of receiving a battery and was under the age of ten years then the offender shall be imprisoned at hard labor without benefit of probation, parole or suspension of sentence for not less than ten years no more than forty years. Do you understand that sir?

MR. CASSON: Yes ma'am.

THE COURT: Have you had, have you discussed what you're doing here today with your attorney?

MR. CASSON: Yes ma'am.

THE COURT: Have you had sufficient time to talk to Mr. Guillet, your attorney, about entering your guilty plea?

MR. CASSON: Yes ma'am.

THE COURT: Do you know that if you plead not guilty or maintain a plea of not guilty that the prosecutor must prove your guilt beyond a reasonable doubt?

MR. CASSON: Yes ma'am.

THE COURT: Do you understand that by your guilty plea you give up your right against self incrimination with respect to the offense charged?

MR. CASSON: Yes ma'am.

THE COURT: Other than any plea agreement that may be entered has anyone made any threats or promises to you or is anyone forcing you to plead guilty?

MR. CASSON: No ma'am.

THE COURT: Is there a sound factual basis evidencing the commission of this crime and in response to that question [the State] . . . has entered a packet into evidence which includes, would you please tell us again what it includes?

MR. KYZAR: It has the offense report, . . . initial reports of the police officers investigating the case and the coroner's report, the autopsy report and uh, witness statements Your Honor, recorded witness statements,

transcripts of those recordings. Also the packet does include a copy of the original bill of indictment Your Honor that I wish to be in the record as well.

THE COURT: All right and uh, would you in just your words would you quickly tell me.

MR. KYZAR: Your Honor this incident happened, uh, at a residence that was occupied by Mr. Casson and also his uncle Michael Casson at the time. There had been some problems with uh, family problems involving Michael Casson the victim and uh, based upon the uh, the file there was definitely an altercation between them that day that resulted in this homicide and uh, as a result of that and a result of our file there is more than adequate basis for Manslaughter as a plea Your Honor.

THE COURT: All right Mr. Guillet you are the attorney for this defendant?

MR. GUILLET: Yes your honor.

THE COURT: And it's my understanding that your client has read all of those documents that are in this envelope?

MR. GUILLET: That is correct. This is the discovery file provided by the State in this case Your Honor.

THE COURT: And you believe from reviewing those documents that the elements that uh, of the crime exist based on those documents?

MR. GUILLET: Yes Your Honor that's correct.

THE COURT: And uh, did you advise the defendant of his constitutional rights of trial by jury, right to counsel, privilege against self incrimination, right to plead not guilty, the progressive nature of the offense if applicable and the maximum fines and penalties that could be imposed upon a conviction?

MR. GUILLET: Yes.

THE COURT: And after advising the defendant of his constitutional rights did the defendant state that he wish[ed] to enter a plea of guilty of his own free will and with knowledge of the consequences of such a plea?

MR. GUILLET: Yes he did.

-5-

THE COURT: And Mr. Casson you have had an opportunity to read those documents that are in that envelope?

MR. CASSON: Yes ma'am.

THE COURT: And those documents accurately reflect what occurred that night?

MR. CASSON: Yes ma'am.

THE COURT: And you admit to killing your uncle?

MR. CASSON: Yes ma'am.

THE COURT: Do you understand that if you have a prior felony conviction or incur another felony conviction in the future that you can be prosecuted as a habitual offender?

MR. CASSON: Yes ma'am.

THE COURT: Are you entering your guilty plea pursuant to a plea bargain agreement with the District Attorney's office?

MR. CASSON: Yes ma'am.

THE COURT: As a part of that plea bargain agreement the District Attorney has reduced the charge of Second Degree Murder to one of Manslaughter and they've already made that amendment and also has agreed to a cap on the sentence of twenty years. Is that correct?

MR. CASSON: Yes ma'am.

THE COURT: So and that would be after a pre-sentencing report is ordered and then it would be within the Court's discretion to sentence you to anything up to twenty years. Do you understand that? Is that correct?

MR. CASSON: Yes ma'am.

THE COURT: All right do you understand that if I accept your plea, if I accept your plea of guilty, strike that. This plea agreement includes your waiver of any right that you have to, well first of all let me get that, let me have that plea agreement again. All right this is the plea agreement that the District Attorney's office has entered into the record. And do you recognize this?

MR. CASSON:    Yes ma'am.

THE COURT:    Is that your signature at the bottom of the page?

MR. CASSON:    Yes ma'am.

THE COURT:    Now you've signed this after having read it?

MR. CASSON:    Yes ma'am.

THE COURT:    And you've signed it of your own free will?

MR. CASSON:    Yes ma'am.

THE COURT:    Okay in this plea agreement it includes a waiver of any right that you have to appeal your conviction of Manslaughter.

MR. CASSON:    Yes ma'am.

THE COURT:    After understanding, acknowledging that you understand your constitutional rights and that you understand that you give up these rights by entering a plea of guilty do you still wish to enter a plea of guilty to the charge of Manslaughter?

MR. CASSON:    Yes ma'am.

THE COURT:    I find that you have knowingly, intelligently and consciously waived your rights. The plea of guilty is accepted.

The supreme court in *State v. Mendenhall*, 06-1407, p. 1 (La. 12/8/06), 944 So.2d 560, discussed what is necessary to satisfy the obligation to advise a defendant his right to trial by jury, confrontation, and the privilege against compulsory self-incrimination.

A majority on the court of appeal panel found that the trial judge's statement informing defendant that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. *State v. Mendenhall*, 40,986 (La.App. 2nd Cir. 5/19/06), 930 So.2d 1196 (Brown, C.J., dissenting). However, this Court has stressed that neither *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of *Boykin* in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (1971), sets out a "magic word formula" which may "serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the

validity of the plea. . . ." *State v. Bowick*, 403 So.2d 673, 675 (La.1981). With respect to the Confrontation Clause of the Sixth Amendment, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted); *see also State v. Anderson*, 34,491, p. 3 (La.App. 2d Cir.4/4/01), 784 So.2d 749, 751 ("In common usage, the phrases confront and cross-examine always connote adversarial activities."), *writ denied*, 01-1431 (La.4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. *See State v. Martin*, 382 So.2d 933, 935 (La.1980)(purpose underlying the *Boykin* and *Jackson* rules "is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary. . . . [T]his information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension), overruled in part on other grounds, *State v. Williams*, 392 So.2d 448 (La.1980). Accordingly, we agree . . . that the circumstances in the record reflect a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.

The supreme court in *Mendenhall* felt the trial judge there properly informed a "29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager" as to his right to confrontation. *Id.* In this case, we note that Defendant was seventeen years old and his educational background was limited to completing the eighth grade.

In *State v. Dodson*, 41,415, p. 4 (La.App. 2 Cir. 10/16/06), 942 So.2d 579, 584 (*reh'g denied* 12/7/06)(Brown, C.J., to grant reh'g), the court of appeal found the trial court failed to apprise defendant adequately of his right to confront his accusers when it informed him that by entering a plea of guilty he was waiving his right to have his attorney "examine the D.A.'s witnesses during the course of the trial." The second circuit in *Dodson* stated:

A guilty plea will not be considered free and voluntary unless the court advises the defendant of the triad of these rights as explained in *Boykin*, *supra*, and Louisiana jurisprudence. An express and knowing waiver of

those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin*, *supra*; *State v. Morrison*, 599 So.2d 455 (La.App. 2d Cir.1992). Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. *State v. Williams*, 384 So.2d 779 (La.1980); *Morrison*, *supra*.

. . . .

In Dodson's case, the judge left off the word "cross" before the word "examine" and added the phrase "during the course of the trial" to his advice. Despite these changes, the advice regarding confrontation is very similar to that used in *Mendenhall*. For the reasons stated in *Mendenhall*, regarding very similar confrontation advice deemed to be inadequate, we vacate Dodson's conviction and sentence and remand his case to the trial court for further proceedings.

*Id.* at 585.

The supreme court granted writs in *Dodson* and reversed the second circuit's

judgment, holding as follows:

The court of appeal panel relied on the Second Circuit's earlier decision in *State v. Mendenhall*, 40,986 (La.App. 2nd Cir.5/19/06), 930 So.2d 1196 (advice that defendant was waiving his right to cross-examine the state's witnesses did not adequately apprise defendant of his right of confrontation)(Brown, C.J., dissenting). However, this Court subsequently reversed that decision and thereby reaffirmed that neither *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of *Boykin* in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (1971), sets out a "'magic word formula'" which may "'serve as a technical trap for inquiry into the validity of the plea. . . .'" *State v. Mendenhall*, 06-1407, p. 1 (La.12/8/06), 944 So.2d 560 (quoting *State v. Bowick*, 403 So.2d 673, 675 (La.1981)). *See also State v. Smallwood*, 06-2363 (La.5/18/06), 955 So.2d 1264. In the present case, while the trial court failed to advise defendant during the guilty plea colloquy that he was waiving his right to *cross*-examination of the state's witnesses by entering a guilty plea, the minutes of the court show that defendant was present with counsel for the hearing on his motion to suppress during which counsel cross-examined two police officers. In this context, the trial court's advice to defendant, who was 45 years old at the time of the plea colloquy and possesses a G.E.D., that he waived his right to examine the witnesses against him at trial by entering a guilty plea adequately informed him of his right of confrontation and cross-examination at trial. *Mendenhall*, 06-1407 at 1, 944 So.2d at 560 ("The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.") (internal quotation marks and citations omitted).

*State v. Dodson*, 07-57, pp. 1-2 (La. 11/2/07), 967 So.2d 487.

Similarly, as in *Mendenhall*, the supreme court found the defendant in *Dodson*, "who was 45 years old at the time of the plea colloquy and possess[ed] a G.E.D.," was sufficiently able to understand the trial court's advisement of his rights to confrontation and cross-examination at trial. *Id.*

We find the facts in the present case are distinguishable from *Mendenhall* and *Dodson*. There is no instance during the guilty plea hearing where the trial court informed Defendant of his right to confront and cross-examine witnesses. The only reference made to the testimony of witnesses was as follows:

> You understand that by entering a plea of guilty you waive the following constitutional rights: the right to be tried before a jury and *the right to have all witnesses as to any facts constituting the crime to be sworn and testify before this Court and you*?

This passage clearly is not sufficient to inform Defendant of his right to cross-examine witnesses. Likewise, the plea agreement does not include information pertaining to Defendant's right to cross-examine witnesses. As noted in *Mendenhall*, 944 So.2d at 560, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." The record fails to establish that Defendant was aware of the ability to cross-examine witnesses.

As for the information that may have been provided by defense counsel, at the guilty plea hearing the trial court asked Defendant's attorney:

> [D]id you advise the defendant of his constitutional rights of trial by jury, right to counsel, privilege against self incrimination, right to plead not guilty, the progressive nature of the offense if applicable and the maximum fines and penalties that could be imposed upon a conviction?

This exchange clearly lacks any statement reflecting any waiver of the confrontation clause.

The jurisprudence is consistent that an express and knowing waiver of a

defendant's protected rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969); *State v. Morrison*, 599 So.2d 455 (La.App. 2 Cir.1992). The jurisprudence has also held that the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. *State v. Williams*, 384 So.2d 779 (La.1980); *Morrison*, supra. Thus, under the facts of this case, we cannot say the record indicates Defendant knowingly and voluntarily waived his right to confrontation. Therefore, the guilty plea is invalid and must be vacated.

## DECREE

For the reasons set forth above, we find Defendant, Dominique J. Casson, was not adequately advised of his protected constitutional right to confrontation. The guilty plea entered by him is, therefore, invalid. For this reason, the conviction and sentence of Defendant are hereby vacated and the matter is remanded to the trial court for further proceedings.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.**